# EXHIBIT "A"



**LAWSON
BECK &
SANDLIN**
ATTORNEYS AT LAW
1125 Commerce Drive, Suite 300
Peachtree City, GA 30269
770-486-8949

**VIA FEDEX**
*Tracking #7726 8837 5878*

January 21, 2021

Board of Regents of the University System of Georgia (d/b/a Valdosta State University)
C/O Mr. Edward Tate, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

  **Re: Request for Waiver of Service of Summons and Complaint**
    *Jamie T. Bird v. Board of Regents of the University System of Georgia (d/b/a*
    *Valdosta State University)*
    **Superior Court of Fulton County, State of Georgia**
    **Civil Action File No. 2021CV344783**

Dear Mr. Tate,

  This law firm represents Jamie T. Bird in her claims the Board of Regents of the University System of Georgia (d/b/a Valdosta State University) (hereafter "VSU"). We have recently filed a civil action against VSU in the Superior Court of Fulton County, State of Georgia.

  I received an email from your office on January 8, 2021, notifying me that you would accept these waiver of service. I have attached a copy of said email for our reference.

  Therefore, pursuant to O.C.G.A. 9-11-4 and O.C.G.A. § 9-11-4(d)(3), et seq., please accept this correspondence as an official request for you to waive service of process in the above-styled civil action. Enclosed with this correspondence please find a copy of the complaint that has been filed in the Superior Court of Fulton County, State of Georgia.

  Along with the **enclosed Complaint please find two (2) copies of a** *Notice of Lawsuit and Request for Waiver of Service of Summons* **and a** *Waiver of Service of Summons*. **Please** execute the waiver and return it in the **self-addressed stamped envelope provided** and retain the copy for your records. Thank you in advance for your time and attention to this matter. Please do not hesitate to contact me should you have any questions or concerns.

Sincerely,
LAWSON, BECK & SANDLIN, LLC

*Holly H. Maestas*

Holly Hance Maestas
Attorney at Law

Enclosures

Cc:    Mr. Justin Monroe Arrington, Esq., Legal Affairs, Valdosta State University
       Ms. Jamie T. Bird

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2021CV344783 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Board of Regents of the University System of Georgia d/b/a Valdosta State University

c/o Mr. Edward Tate, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

A lawsuit has been commenced against you.  A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court of Fulton County, State of Georgia and has been assigned civil action file number 2021CV344783.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed *Waiver of Service* in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this *Notice of Lawsuit and Request for Waiver of Service of Summons* is sent.  I

have enclosed a stamped and addressed envelope for your use. An extra copy of the *Waiver of Service of Process* is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed *Waiver of Service*, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within sixty (60) days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you to pay the full cost of such service.

I affirm that this *Notice of Lawsuit and Request for Waiver of Service of Summons* is being sent to you on behalf of the Plaintiff on this 21st day of January, 2021.

LAWSON, BECK & SANDLIN, LLC

*/s/ Holly H. Maestas*
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:    (770) 486-8949
Facsimile:    (770) 486-8950
Email: holly@lawsonandbeck.com

**IN THE SUPERIOR COURT OF FULTON COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2021CV344783 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

---

## WAIVER OF SERVICE OF SUMMONS

---

TO:   Holly Hance Maestas
      (Attorney for Plaintiff Jamie T. Bird)
      Lawson, Beck & Sandlin, LLC
      1125 Commerce Drive, Suite 300
      Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of *Jamie T. Bird v. Board of Regents of the University System of Georgia (d/b/a Valdosta State University)*, which is case number 2021CV344783 in the Superior Court of Fulton County, State of Georgia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days after the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this _____ day of _____, 2021.

_____

For Defendant Board of Regents of the University System of Georgia (d/b/a Valdosta State University)

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2021CV344783 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:   Board of Regents of the University System of Georgia d/b/a Valdosta State University

c/o Mr. Edward Tate, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of Georgia
270 Washington Street, SW
Atlanta, GA 30334

A lawsuit has been commenced against you. A copy of the complaint is attached to this notice. The complaint has been filed in the Superior Court of Fulton County, State of Georgia and has been assigned civil action file number 2021CV344783.

This is not a formal summons or notification from the court, but rather my request pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated that you sign and return the enclosed *Waiver of Service* in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this *Notice of Lawsuit and Request for Waiver of Service of Summons* is sent. I

have enclosed a stamped and addressed envelope for your use. An extra copy of the *Waiver of Service of Process* is also attached for your records. YOU ARE ENTITLED TO CONSULT WITH YOUR ATTORNEY REGARDING THIS MATTER.

If you comply with this request and return the signed *Waiver of Service*, the waiver will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed except that you will not be obligated to answer or otherwise respond to the complaint within sixty (60) days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Georgia Rules of Civil Procedure and then, to the extent authorized by those rules, I will ask the court to require you to pay the full cost of such service.

I affirm that this *Notice of Lawsuit and Request for Waiver of Service of Summons* is being sent to you on behalf of the Plaintiff on this 21st day of January, 2021.

LAWSON, BECK & SANDLIN, LLC

*/s/ Holly H. Maestas*
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:    (770) 486-8949
Facsimile:     (770) 486-8950
Email: holly@lawsonandbeck.com

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 2021CV344783 |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

---

## WAIVER OF SERVICE OF SUMMONS

---

TO:   Holly Hance Maestas
      (Attorney for Plaintiff Jamie T. Bird)
      Lawson, Beck & Sandlin, LLC
      1125 Commerce Drive, Suite 300
      Peachtree City, Georgia 30269

I acknowledge receipt of your request that I waive service of a summons in the action of *Jamie T. Bird v. Board of Regents of the University System of Georgia (d/b/a Valdosta State University)*, which is case number 2021CV344783 in the Superior Court of Fulton County, State of Georgia. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I understand that I am entitled to consult with my own attorney regarding the consequences of my signing this waiver.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by the Georgia Rules of Civil Procedure.

I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me if an answer is not served upon you within sixty (60) days after the date this waiver was sent, or within ninety (90) days after that date if the request for the waiver was sent outside the United States.

Respectfully submitted this _____ day of _____, 2021.

_____
For Defendant Board of Regents of the University System of Georgia (d/b/a Valdosta State University)

Fulton County Superior Court
***EFILED***LW
Date: 1/20/2021 12:40 PM
Cathelene Robinson, Clerk

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of **Fulton** _____ County

| For Clerk Use Only | | | |
|---|---|---|---|
| Date Filed | **1/20/2021** | Case Number | **2021CV344783** |
| | MM-DD-YYYY | | |

**Plaintiff(s)**

| Bird | Jamie | T. | | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**

| Board of Regents | of the University | System of | Georgia | |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Holly H. Maestas _____ **State Bar Number** 153092 _____ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ _____
Case Number           Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version: 1.1.20

Fulton County Superior Court
***EFILED***LW
Date: 1/20/2021 12:40 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | **2021CV344783** |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW the Plaintiff JAMIE T. BIRD (hereafter "Mrs. Bird" or "Bird") and files

this Complaint against the Defendant BOARD OF REGENTS OF THE UNIVERSITY

SYSTEM OF GEORGIA D/B/A VALDOSTA STATE UNIVERSITY (hereafter "VSU") and

shows the Court as follows:

## INTRODUCTION

1.

Mrs. Bird, a female, the Dual Enrollment Director at VSU, was notified on July 17, 2020

that her employment with VSU would terminate on November 16, 2020.   VSU's stated reason

for terminating Mrs. Bird was a reduction in force due to business necessity by department and

job category.   This stated reason is pretext and was fabricated by VSU through its agent and

employee, Dr. Rodney Carr.  VSU and Dr. Carr retaliated against her for blowing the whistle on

VSU's unlawful acts and omissions in its Dual Enrollment program, Title VII of the Civil Rights

Act of 1964, and Title IX. (References to Dual Enrollment in this complaint will refer to Dual

Enrollment and Move on When Ready synonymously).  VSU and Dr. Carr discriminated against

Mrs. Bird because she did not succumb to Dr. Carr's sexual harassment.

This is a complaint for legal and equitable relief, damages, attorney's fees and costs, to

redress VSU's violations of Mrs. Bird's rights secured to her under the Georgia Whistleblower

Act and Title VII of the Civil Rights Act of 1964.

VSU was consciously indifferent to Mrs. Bird's circumstances and damages, despite

repeated requests from Mrs. Bird for reversal and other remedies.  Therefore, VSU is liable to

Mrs. Bird for punitive damages and attorney fees and costs of litigation.

PARTIES

2.

Mrs. Bird is an individual, a female, and a resident of Hamilton County, Florida

3.

VSU is a public university in the University System of Georgia.

JURISDICTION & VENUE

4.

Jurisdiction and venue are proper in the Superior Court of Fulton County, Georgia.

O.C.G.A. §§ 9-10-31(b), 45-1-4(e), 50-21-28.

Page 2 of 23

## EEOC PREREQUISITES

### 5.

Mrs. Bird timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of her termination, and within 300 days of Dr. Carr's ongoing sexual harassment.

### 6.

The EEOC will issue a Right to Sue letter to Mrs. Bird. A copy of this letter will be attached as "Exhibit A."

## ANTE LITEM NOTICE

### 7.

Mrs. Bird delivered an *ante litem* notice to Wade Damron, Director of the Risk Management Division of the Georgia Department of Administrative Services, 200 Piedmont Avenue SE, Suite 1220, West Tower, Atlanta, Georgia 30334, and to the Defendant, as required by O.C.G.A. § 50-21-26. A copy of the notices along with a copy of the certified mail receipts is attached to the complaint as "Exhibit B."

## FACTS

### 8.

VSU hired Mrs. Bird in October 2011.

### 9.

Mrs. Bird held various positions throughout her tenure at VSU.

### 10.

VSU President Dr. Cecil Staten appointed Mrs. Bird the Director of Dual Enrollment.

11.

As the Director of Dual Enrollment, Bird worked in the Office of Admissions.

12.

As the Director of Dual Enrollment, Bird's role was to oversee and expand the VSU Dual Enrollment Program.

13.

Mrs. Bird's duties also included overseeing the VSU Dual Enrollment Honors Academy.

14.

As the Director of Dual Enrollment, Mrs. Bird was a part of the VSU Enrollment Services Leadership Team and participated in all the meetings amongst the Directors.

15.

Mrs. Bird reported to Mr. Render Terrell "Tee" Mitchell, Associate Vice President of Enrollment Services.

16.

Mitchell and Bird reported to Dr. Rodney Carr, Vice President of Student Success.

17.

On or about February 20, 2019, Dr. Carr entered in to Mrs. Bird's office and closed her door.

18.

Dr. Carr stated that he was "going to do something that [he doesn't] normally do in the office."

19.

Dr. Carr gave Mrs. Bird a tight full body hug against the corner of her desk.

20.

Mrs. Bird immediately pushed him away and walked toward the door to open it.

21.

Dr. Carr responded angrily, "Why did you do that?" and left a few minutes later.

22.

VSU is an Eligible Postsecondary Institution and offers dual enrollment classes to high school students.

23.

Dual Enrollment is offered through funding, laws, regulations, rules, and policies set by the Georgia General Assembly and its designees.

24.

The law provides that, "No later than the first day of February each year, each eligible high school shall provide general information about the program, including such forms, to all its eligible high school students. An eligible high school shall also provide counseling services to such students and their parents or guardians before the students enroll in the program. Prior to participating in the program, the student and the student's parent or guardian shall sign the form provided by the eligible high school or by an eligible postsecondary institution stating that they have received the counseling specified in this subsection and that they understand the responsibilities that shall be assumed in participating in the program." O.C.G.A. § 20-2-161.3(d).

25.

Section 1604.3 of the 2018-2019 Dual Enrollment Programs Regulations provides that "1. A student must maintain Satisfactory Academic Progress (SAP), as defined and certified by his or her Eligible Postsecondary Institution;" and that "Eligible Postsecondary Institutions have sole discretion and responsibility for evaluation and approval of any such student appeals [for 'students with dual-enrollment credit hours that fail to meet the quantitative standards (pace) for degree completion . . .']."

26.

Section 1605.1 number 5 of the 2018-2019 Dual Enrollment Programs Regulations provides, "Prior to participating in the Dual Enrollment Program, the student and the student's parent(s) or guardian shall sign an advisement form provided by the Eligible High School or Home Study program acknowledging complete understanding of the responsibilities assumed by the student while participating in the Dual Enrollment Program . . . ."

27.

Beginning in late 2017 Mrs. Bird began noticing problems with student placement, course selection, and generally shoddy compliance (or complete lack of compliance) with counseling students on Dual Enrollment participation.

28.

On February 26, 2019, Mrs. Bird sent an email to the high school counselors which is attached as "Exhibit C," hereafter referred to the "Dual Enrollment Counseling Email."

29.

This email was Mrs. Bird's attempt to assist high school counselors in meeting the advising and counseling requirement of the dual enrollment program.

30.

In her Dual Enrollment Counseling email, Mrs. Bird specifically reminds the high school dual enrollment counselors that they need to "advise" students and parents regarding VSU's future discretion to decline dual enrollment students and their earned credits they hope to use toward their target VSU degree.   *See* Section 1605.1 number 5 of the 2018-2019 Dual Enrollment Programs Regulations.

31.

On the evening of February 26, 2019, Dr. Carr called Mr. Mitchell in anger.

32.

In Carr's February 26, 2019 call to Mitchell, Carr stated that VSU President Carvajal and his wife were also angry with Mrs. Bird's Dual Enrollment Counseling Email.

33.

Dr. Carr further ordered Mrs. Bird not to send any emails or other communication to anyone related to Dual Enrollment or counseling related to Dual Enrollment.

34.

Dr. Carr further indicated that Dr. Carr was too angry to discuss the issue directly with Bird until Carr could complete "damage control."

35.

On or about March 6, 2019, Dr. Carr summoned Mrs. Bird and Mr. Mitchell to his office to discuss Mrs. Bird's Dual Enrollment Counseling Email; both complied.

36.

Mrs. Bird reiterated the importance of the Dual Enrollment Email due to the requirement that students be properly counseled and placed under the regulations of the program.

37.

In this March 6, 2019 meeting Dr. Carr told Mrs. Bird that President Carvajal was going to fire Carr because of Bird's Dual Enrollment Counseling Email.

38.

In this March 6, 2019 meeting Dr. Carr told Mrs. Bird that he would write the reprimand and keep it (written reprimand) for her Dual Enrollment Counseling Email in his desk drawer for use in disciplining her later in case she does "something stupid" like that again.

39.

On or about March 13, 2019, VSU Chief Human Resources Officer Jeanine Boddie-LaVan summoned Mrs. Bird to her office.

40.

Ms. Boddie-LaVan issued Mrs. Bird a written reprimand dated March 5, 2019, stating that Mrs. Bird had done irreparable harm to VSU because of her Dual Enrollment Counseling Email.

41.

Bird requested that Boddie-LaVan follow-up with her regarding an appeal process; which Boddie-LaVan promised to do, but never did.

42.

In or around early April, Bird received her first less than excellent performance review due to Carr's input.

43.

On or about November 8, 2019, Mrs. Bird received notice that she had been demoted via an HR job reclassification.

44.

On or about December 4, 2019, and January 6, 2020, Bird met with Mitchell and Ryan Hogan to discuss a reclassification of her current job classification back to a position fitting of her duties and merit.

45.

On or about January 2, 2020, Mitchell resigned.

46.

Mitchell resigned due to the hostile work environment surrounding Bird's demotion and aftermath of the Dual-Enrollment Counseling Email;

47.

Mitchell's last day was January 17, 2020.

48.

Prior to Mitchell's departing VSU, Mitchell requested that Bird be reclassified as the Associate Director of Admissions, keeping Dual Enrollment and Admissions under the same leadership, including Bird.

49.

On or about January 22, 2020, Dr. Carr appeared unannounced in Mrs. Bird's office.

50.

This was the first time Dr. Carr had been in Mrs. Bird's office since the February 20, 2019 total body hug incident.

51.

Dr. Carr remarked to Mrs. Bird, "Long time no see."

52.

Dr. Carr remarked to Mrs. Bird, "I thought I would give you some time since the last time I saw you, you were angry." "I hope that we can move forward."

53.

Dr. Carr was about to exit, but added, "Is there anything I can help you with?"

54.

Mrs. Bird responded that he needed her job description and classification corrected to reflect her actual job and duties.

55.

Dr. Carr replied, "First of all, do I need to close this door? . . . I would give you a hug bye, but you don't like hugs. Instead I will just give you an air hug."

56.

Dr. Carr then leaned over Mrs. Bird's desk gesturing an air hug toward Bird.

57.

Carr told Bird she and all of Dual Enrollment would be transferred away from Admissions to the Office of Transitions reporting to Rob Freidhoff.

58.

On February 4, 2020, Mrs. Bird was moved to the "Office of Transitions."

59.

The Office of Transitions is a made-up name of a non-existent department.

60.

Mrs. Bird was assigned a new supervisor, Rob Freidhoff.

61.

Rob Freidhoff was a straw supervisor designated to eventually terminate Bird after she was distanced from Dual Enrollment and Carr.

62.

Bird's previous colleagues in Dual Enrollment and Admissions remained unified and under Carr's leadership.

63.

In March 2020, Carr fabricated complaint against Bird by the use of President Carvajal's wife Cheryl Carvajal.

64.

Carr placed obstacles on Bird's attendance at Admissions or Dual Enrollment meetings.

65.

On or about May 4, 2020, Bird learned of a lower performance evaluation Carr had completed on Bird in February 2020.

66.

Carr created an HR notice against Bird for her alleged failure to acknowledge Carr's evaluation, with the penalty being negative reporting to her supervisor.

67.

On July 17, 2020, Mrs. Bird received notice that she would be terminated, and that her last day would be November 16, 2020.

68.

The July 17, 2020, termination notice stated that the reason for the termination was reduction in force.

69.

VSU's stated reasons for Mrs. Bird's demotion and eventual termination were pretext.

70.

At the time Bird received notice of her termination, the Admissions Office had posted two unfilled positions which covered Dual Enrollment program needs.

71.

The combined salary for the two unfilled positions equals more than Bird's salary at the time of her termination.

72.

Prior to filling the two positions, male employee Ryan Hogan took over some of Mrs. Bird's job duties and title.

73.

Mrs. Bird's job duties and title which were transferred to the "Office of Transitions" will be returned to the Office of Admissions after Bird leaves.

74.

Mrs. Bird was highly qualified to hold her position as the Dual Enrollment Director at VSU.

75.

Mrs. Bird reported Dr. Carr's behavior in a formal Title IX complaint to the office of Social Equity.

76.

Mrs. Bird appealed these adverse employment actions to the Board of Regents of the University System of Georgia.

## COUNT 1:  TITLE VII GENDER DISCRIMINATION

77.

Mrs. Bird incorporates by reference paragraphs 1 through 76 as if fully set forth herein.

78.

VSU intentionally discriminated against Mrs. Bird because of her gender.

79.

VSU subjected Mrs. Bird to sexual harassment.

80.

Mrs. Bird's refusal to succumb to VSU's sexual harassment was a proximate cause of the adverse employment action taken against her.

81.

Mrs. Bird's job duties and title were partly taken over by a male, Ryan Hogan.

82.

Mrs. Bird's job duties and title which were transferred to the "Office of Transitions" will be returned to the Office of Admissions after Bird leaves.

83.

VSU's giving Mrs. Bird's job to someone outside of her protected class creates an additional inference of discrimination.

84.

Mrs. Bird was highly qualified to hold her position as the Dual Enrollment Director at VSU.

85.

VSU's stated reasons for Mrs. Bird's demotion and eventual termination were pretext.

86.

As a proximate result of VSU's unlawful intentional discrimination Mrs. Bird suffered financial loss, economic loss, loss of employment, shame, humiliation, and loss of enjoyment of life.

## COUNT 2:  TITLE VII RETALIATION DISCRIMINATION

### 87.

Mrs. Bird incorporates by reference paragraphs 1 through 86 as if fully set forth herein.

### 88.

Title VII forbids an employer from retaliating against an employee because of the employee's opposition to any practice made unlawful under Title VII.

### 89.

Mrs. Bird immediately objected to Carr's closing her office door and rejected his giving her the tight, full body hug.

### 90.

Carr was angered by Bird's opposition to his intimate behavior.

### 91.

Carr retaliated against Bird for her opposition to his intimate behavior.

### 92.

Bird filed a formal Title IX complaint against Carr.

### 93.

VSU's stated reasons for Mrs. Bird's demotion and eventual termination were pretext.

### 94.

As a proximate result of VSU's unlawful intentional discrimination Mrs. Bird suffered financial loss, economic loss, loss of employment, shame, humiliation, and loss of enjoyment of life.

## COUNT 3: GEORGIA WHISTLEBLOWER ACT O.C.G.A. § 45-1-4

### (DUAL ENROLLMENT LAWS, RULES, & REGULATIONS)

95.

Plaintiff incorporates by reference paragraphs 1 through 94 as if fully set forth herein.

96.

At all times material to this Complaint, Mrs. Bird was a public employee within the meaning of O.C.G.A. § 45-1-4(a)(3).

97.

At all times material to this Complaint, VSU was a public employer and/or government agency within the meaning of O.C.G.A. § 45-1-4(a)(1),(4).

98.

Mrs. Bird's Dual Enrollment Counseling email was emailed to government agencies and was viewed by her supervisors.

99.

The purpose of Mrs. Bird's Dual Enrollment Counseling email was to promote compliance with laws, rules, and regulations of the Dual Enrollment program.

100.

VSU and its agents made, adopted, and enforced policies and practices preventing Mrs. Bird from promoting compliance with various laws, rules, and regulations of the Dual Enrollment program.

101.

VSU and its agents retaliated against Mrs. Bird for promoting compliance with various laws, rules, and regulations of the Dual Enrollment program.

102.

VSU and its agents retaliated against Mrs. Bird for disclosing violations of, or noncompliance with, various laws, rules, and regulations of the Dual Enrollment program.

103.

VSU and its agents retaliated against Mrs. Bird for refusing to participate in various activities, policies, and practices that Mrs. Bird reasonably knew to be in violation of, or noncompliance with, various laws, rules, and regulations of the Dual Enrollment program.

104.

As a direct and proximate cause of these violations of the Georgia Whistleblower Act by VSU and its agents, Mrs. Bird suffered damages.

105.

Mrs. Bird seeks equitable relief and injunctive relief restraining VSU from continued violation of the Georgia Whistleblower Act.

106.

Mrs. Bird seeks reinstatement, compensation, compensatory damages, attorney's fees, court costs, and expenses under the Georgia Whistleblower Act.

## COUNT 4:  GEORGIA WHISTLEBLOWER ACT O.C.G.A. § 45-1-4

### (TITLE VII & TITLE IX)

107.

Plaintiff incorporates by reference paragraphs 1 through 106 as if fully set forth herein.

108.

At all times material to this Complaint, Mrs. Bird was a public employee within the meaning of O.C.G.A. § 45-1-4(a)(3).

109.

At all times material to this Complaint, VSU was a public employer and/or government agency within the meaning of O.C.G.A. § 45-1-4(a)(1),(4).

110.

Mrs. Bird opposed practices of Carr and VSU which are prohibited under Title IX.

111.

Mrs. Bird opposed practices of Carr and VSU which are prohibited under Title VII.

112.

VSU and its agents retaliated against Mrs. Bird for promoting compliance with Title VII and Title IX.

113.

VSU and its agents retaliated against Mrs. Bird for disclosing violations of, or non-compliance with Title VII and Title IX.

114.

VSU and its agents retaliated against Mrs. Bird for refusing to participate in acts prohibited by Title VII and Title IX.

115.

As a direct and proximate cause of these violations of the Georgia Whistleblower Act by VSU and its agents, Mrs. Bird suffered damages.

116.

Mrs. Bird seeks equitable relief and injunctive relief restraining VSU from continued violation of the Georgia Whistleblower Act.

117.

Mrs. Bird seeks reinstatement, compensation, compensatory damages, attorney's fees, court costs, and expenses under the Georgia Whistleblower Act.

## CONSEQUENTIAL, SPECIAL & EMOTIONAL DAMAGES

118.

Mrs. Bird incorporates by reference paragraphs 1 through 117 as if fully set forth herein.

119.

As a direct and proximate cause of VSU's acts and omissions, Mrs. Bird suffered damages, including nominal, compensatory, consequential, special, and emotional damages. Mrs. Bird suffered lost pay and benefits, demotions, lost job opportunities, financial loss, and increased stress which caused Mrs. Bird to become ill, depressed, anxious, and sleep deprived as a result of VSU's acts and omissions. This is not an exhaustive list of Mrs. Bird's damages.

120.

Special damages include Mrs. Bird's lost salary, benefits, reduced retirement, reduced pension, and loss of enjoyment of life.

## PUNITIVE DAMAGES

121.

Mrs. Bird incorporates by reference paragraphs 1 through 120 as if fully set forth herein.

122.

The actions of VSU show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences.

123.

Punitive damages should be awarded against VSU in an amount sufficient to deter, penalize, and punish VSU in light of the circumstances of this case, as provided in O.C.G.A. § 51-12-5.1.

## ATTORNEY'S FEES & COSTS OF LITIGATION

124.

Mrs. Bird incorporates by reference paragraphs 1 through 123 as if fully set forth herein.

125.

VSU acted in bad faith, has been stubbornly litigious, and has caused Mrs. Bird unnecessary trouble and expense, therefore making VSU liable to Mrs. Bird for her attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11.

126.

Mrs. Bird is entitled to attorney's fees and costs of litigation under Title VII of the Civil

Rights Act of 1964 and O.C.G.A. § 45-1-4(f).


## DECLARATORY, INJUNCTIVE & EQUITABLE RELIEF

127.

Mrs. Bird incorporates by reference paragraphs 1 through 126 as if fully set forth herein.

128.

Declaratory and injunctive relief are authorized by Title VII of the Civil Rights Act of

1964 and O.C.G.A. § 45-1-4(e).

129.

VSU owes Mrs. Bird equitable relief based on their acts and omissions, and Mrs. Bird

specifically demands equitable relief to make Mrs. Bird whole.

130.

Specifically, Mrs. Bird requests reinstatement, cease and desist from further disciplinary

action and retaliation, back pay, front pay, lost benefits, retraction, correction of her disciplinary

and personnel file, and neutral reporting to all future employers and reference inquiries.

131.

Mrs. Bird reserves the right to request such further equitable or injunctive relief which

may be revealed as necessary to make Mrs. Bird whole, which may be revealed through

discovery or at trial.

**WHEREFORE,** having fully stated her Complaint, Plaintiff prays:

a.  that a judgment be entered against Defendant, and in favor of Plaintiff, on all Counts;

b.  that Defendant be ordered to reinstate Plaintiff;

c.  that Defendant be ordered to correct Plaintiff's personnel file by reversing the adverse employment actions, discipline and termination;

d.  that Defendant be ordered to pay Plaintiff compensation, compensatory damages, front pay, back pay, lost benefits, lost retirement benefits, reasonable attorney fees, court costs, and expenses;

e.  that declaratory and equitable relief and a permanent injunction be awarded restraining Defendant from further wrongful discipline and retaliation against Plaintiff;

e.  that Plaintiff be awarded consequential, nominal, compensatory, and special damages as against Defendant to compensate Plaintiff for her mental and emotional distress, anxiety, humiliation, loss of professional and personal reputation, and opportunities, as consequences of the Defendant's various unlawful and tortious conduct, including loss of enjoyment of life, in an amount to be determined by the enlightened conscience of a jury;

h.  that Plaintiff have a judgment entered in her favor and against Defendant, for all her damages allowed under law;

i.&#x20;&#x20;&#x20;&#x20;&#x20;that Plaintiff recover punitive damages against Defendant in an amount to be determined by the enlightened conscience of a jury, an amount to deter Defendant and others from similar conduct;

k.&#x20;&#x20;&#x20;&#x20;that Plaintiff recover her attorney's fees, costs, and expenses of litigation as permissible under law;

l.&#x20;&#x20;&#x20;&#x20;that Defendant be ordered to render specific performance equitable relief to Plaintiff as stated in the Complaint;

m.&#x20;&#x20;&#x20;that Plaintiff be granted a trial by jury on all issues so triable;

n.&#x20;&#x20;&#x20;&#x20;that all costs of the action be cast upon Defendant;

o.&#x20;&#x20;&#x20;&#x20;that Defendant be ordered to pay pre-judgment and post-judgment interest according to law; and

p.&#x20;&#x20;&#x20;&#x20;that this Court order such other, further, and different relief as this Court deems just and proper.

Respectfully submitted this 11th day of January, 2021.

LAWSON, BECK & SANDLIN, LLC

Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:&#x20;&#x20;&#x20;&#x20;(770) 486-8949
Facsimile:&#x20;&#x20;&#x20;&#x20;(770) 486-8950
Email: holly@lawsonandbeck.com

# IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | **2021CV344783** |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA D/B/A VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## VERIFICATION

Personally appeared JAMIE T. BIRD, who, after being duly sworn, states that the facts alleged in the foregoing *Complaint,* which is to be filed in the matter of *Jamie T. Bird v. Board of Regents of the University System of Georgia d/b/a Valdosta State University* are true and correct to the best of her knowledge, belief, and information.

This, the 11th day of _____ January _____, 2021.

_____
JAMIE T. BIRD, Plaintiff

Sworn to and subscribed before me this
11th day of _____ January _____, 2021.

_____
Notary Public
My commission expires: _____

# Exhibit A
# (to Plaintiff's Complaint)



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

**VIA EMAIL**

950 Pennsylvania Avenue, N.W.
Karen Ferguson , EMP, PHB, Room 4701
Washington, DC 20530

January 15, 2021

Ms. Jamie T. Bird
c/o Holly H. Maestas, Esquire
Law Offices of Lawson, Beck & Sandlin
1125 Commerce Drive
Suite 300
Peachtree City, GA  30269

Re: EEOC Charge Against Board of Regents of the Univ. System of Georgia, Valdosta State University
    No. 415202100182

Dear Ms. Bird:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC Atlanta District Office, Atlanta, GA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                   Sincerely,

                   John Daukas
                   Acting Assistant Attorney General
                   Civil Rights Division

           by     /s/ Karen L. Ferguson
                   Karen L. Ferguson
                   Supervisory Civil Rights Analyst
                   Employment Litigation Section

cc: Atlanta District Office, EEOC

Board of Regents of the Univ. System of Georgia, Valdosta State University

# Exhibit B

## (to Plaintiff's Complaint)



# BECK & SANDLIN

## ATTORNEYS AT LAW

GARY G. LAWSON
J. SAMUEL BECK
CLIF SANDLIN

November 23, 2020

HEATHER A. DOGNAZZI
E. MICHELLE ROTHMEIER
B. D. MURPHY, III
ERIN C. CHUSTZ
EMILY D. WEBB
HOLLY M. MAESTAS

### *VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED*

| | |
|---|---|
| Mr. Wade Damron, Director<br>Georgia Department of Administrative Services<br>Risk Management Division<br>200 Piedmont Avenue SE, Suite 1220,<br>West Tower, Atlanta, Georgia 30334<br>Return Receipt No.<br>7019 0140 0000 0725 1614 | Dr. Richard A. Carvajal, President<br>Office of the President<br>Valdosta State University<br>1500 N. Patterson St.<br>Valdosta, GA 31698<br>Return Receipt No.<br>7019 0140 0000 0725 1645 |
| Dr. Steve Wrigley, Chancellor<br>Office of the Chancellor<br>Board of Regents of the University System of<br>Georgia<br>270 Washington Street, SW<br>Atlanta, GA 30334<br>Return Receipt No.<br>7019 0140 0000 0725 1621 | Dr. Rodney Carr<br>Vice President of Student Success<br>Valdosta State University<br>1500 N. Patterson St.<br>Valdosta, GA 31698<br>Return Receipt No.<br>7019 0140 0000 0725 1652 |
| Mr. Edward Tate, Vice Chancellor of Legal Affairs<br>Office of Legal Affairs<br>Board of Regents of the University System of<br>Georgia<br>270 Washington Street, SW<br>Atlanta, GA 30334<br>Return Receipt No.<br>7019 0140 0000 0725 1638 | |

RE:     Ante Litem Notice
        *Jamie T. Bird v. Board of Regents of the University System of Georgia (d/b/a*
        *Valdosta State University)*

Dear Sirs:

        I represent Mrs. Jamie T. Bird in her claims against the Board of Regents of the
University System of Georgia (d/b/a Valdosta State University).

Wade Damron, et al.
Ante litem notice
November 23, 2020
Page 2 of 4

This ante litem notice is being mailed to your pursuant to the requirements of O.C.G.A. § 50-21-26, and this notice further provides as follows:

(A) The name of the state government entity, the acts or omissions of which are asserted as the basis of the claim;

1. Board of Regents of the University System of Georgia (d/b/a Valdosta State University
2. Sexual harassment/gender/retaliation discrimination under Title VII of the Civil Rights Act of 1964
3. Violation of the Georgia Whistleblower Act, O.C.G.A. § 45-1-4 (GWA).

(B) The time of the transaction or occurrence out of which the loss arose;

1. Unwanted intimate bodily contact and innuendos -- early February 2019
2. Email protected by the GWA-- February 26, 2019
3. Retaliation for email in violation of GWA -- began early March 2019
4. Retaliation and discrimination for failure to succumb to, and opposition to, sexual harassment/innuendos -- began early March 2019
5. Dr. Rodney Carr's disciplinary meeting and reprimand of Mrs. Bird -- March 6, 2019
6. Official disciplinary written reprimand of Mrs. Bird -- March 13, 2019
7. Demotions of, and retaliation against, Mrs. Bird -- 2019 through present
8. Dr. Rodney Carr's innuendos regarding bodily contact made in early February 2019 in Mrs. Bird's office, and his failure to address Bird's request to correct past retaliation and discrimination -- specifically January 22, 2020, but also before and after this meeting.
9. Mrs. Bird was notified of her termination, with her last day being November 16, 2020 -- July 17, 2020
10. Mrs. Bird has a pending formal Title IX complaint against Dr. Rodney Carr -- August 2020 through present.
11. Mrs. Bird has requested reinstatement and discussed her reinstatement with agents of VSU working in the Admissions office at various times in 2020.

(C) The place of the transaction or occurrence;

1. Valdosta State University, Valdosta, Georgia.
2. Plaintiff's life in and around Valdosta, Georgia, and in and about Plaintiff's residence in Jennings, Florida.

Wade Damron, et al.
Ante litem notice
November 23, 2020
Page 3 of 4

(D) The nature and amount of the loss suffered;

1. Demotions - $50,000 per year for 15 years expected future work
2. Reprimands - $50,000 per year for 15 years expected future work
3. Loss of job duties - $50,000 per year for 15 years expected future work
4. Loss of employment income (front pay and back pay) - $62,000/year at a minimum, plus lost promotions at $50,000/year
5. Loss of retirement income - $50,000 per year for 15 years expected future work

(If promoted accordingly to Plaintiff's path before her damages, Plaintiff would have been making up to $112,000/year for the next 15 years)

6. Loss of benefits - $10,000 per year for 15 years expected future work
7. Lower job status, diminished resume appearance - $50,000 per year for 15 years expected future work
8. Defamation - $50,000 per year for 15 years expected future work
9. Emotional harm: stress, illness, depression, anxiety, loss of sleep, loss of enjoyment of life - $150/per day for the next 2 years
10. Punitive damages - $4,000,000.
11. Attorney's fees – ongoing
12. Costs of litigation – ongoing
13. Plaintiff is also requesting declaratory, injunctive, and equitable relief as follows:
    i.   Cease and desist further retaliation
    ii.  Reversal and correction of past discipline/personnel file
    iii. Neutral or positive reporting to future inquiries

(E) The acts or omissions which caused the loss.

1. Plaintiff references list above of "The time of the transaction or occurrence out of which the loss arose," and incorporates it by reference herein.
2. Retaliation for opposition of conduct prohibited by Title VII of the Civil Rights Act of 1964.
3. Discrimination on the basis of gender prohibited under Title VII of the Civil Rights Act of 1964.
4. Sexual harassment prohibited under Title VII of the Civil Rights Act of 1964.
5. Conscious indifference to formal Title IX complaint.
6. Engaging in behavior prohibited under the GWA.

Wade Damron, et al.
Ante litem notice
November 23, 2020
Page 4 of 4

7. Willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the presumption of conscious indifference to consequences. O.C.G.A. § 51-12-5.1.

8. Attorney's fees under O.C.G.A. § 13-6-11, Title VII of the Civil Rights Act of 1964, and O.C.G.A. § 45-1-4(f).

Thank you for your prompt and diligent attention in these matters.

Sincerely,
LAWSON, BECK & SANDLIN, LLC

*Holly H. Maestas*

Holly Hance Maestas
Attorney at Law

Lawson & Berk, LLC
1125 Commerce Drive, Ste 300
Peachtree City, Ga 30269

CERTIFIED MAIL

7019 0140 0000 8723 1134

Mr. Wade Damron, Director
Georgia Department of Administrative Services
Risk Management Division
200 Piedmont Avenue SE, Suite 1220,
West Tower, Atlanta, Georgia 30334



Lawson & Beck, LLC
1125 Commerce Drive, Ste 300
Peachtree City, Ga 30269

Lawson & Beck, LLC
1125 Commerce Drive, Ste. 300
Peachtree City, Ga 30269

CERTIFIED MAIL

7019 0140 0000 0725 1638

Mr. Edward Tate, Vice Chancellor of Legal Affairs
Office of Legal Affairs
Board of Regents of the University System of
Georgia
270 Washington Street, SW
Atlanta, GA 30334

CERTIFIED MAIL

7019 0140 0000 0725 1621

Dr. Steve Wrigley, Chancellor
Office of the Chancellor
Board of Regents of the University System of
Georgia
270 Washington Street, SW
Atlanta, GA 30334







CERTIFIED MAIL

7019 0140 0000 0725 1652

Dr. Rodney Carr
Vice President of Student Success
Valdosta State University
1500 N. Patterson St.
Valdosta, GA 31698

Lawson & Beck, LLC
1125 Commerce Drive, Ste 300
Peachtree City, Ga 30269

CERTIFIED MAIL

7019 0140 0000 0725 1645

Dr. Richard A. Carvajal, President
Office of the President
Valdosta State University
1500 N. Patterson St.
Valdosta, GA 31698

Lawson & Beck, LLC
1125 Commerce Drive, Ste 300
Peachtree City, Ga 30269

**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

Postage

Total Postage and Fees

Sent To  Mr. Edward Tate
Street and Apt. No., or PO Box No.  270 Washington Street, SW
City, State, ZIP+4®  Atlanta GA 30334

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

7019 0140 0000 0725 1614

---

**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

Postage

Total Postage and Fees

Sent To  Mr. Wade Damron
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Wade Damron
) Piedmont Ave SE Ste 1220
Tower, Atlanta GA 30334

9590 9402 4829 9032 2196 43

Article Number (Transfer from service label)
7019 0140 0000 0725 1614

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X R Will                    ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Lisa Wells                    11/30/20

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

ALERT: USPS IS EXPERIENCING UNPRECEDENTED VOLUME INCREASES AND LIMITED EMPL...

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70190140000007251638

Remove ✕

Your item was picked up at a postal facility at 9:53 am on November 28, 2020 in ATLANTA, GA 30334.

☑ **Delivered**

November 28, 2020 at 9:53 am
Delivered, Individual Picked Up at Postal Facility
ATLANTA, GA 30334

Get Updates ∨

Text & Email Updates                                                ∨

Tracking History                                                     ∨

Product Information                                                  ∨

See Less ∧

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

USPS.com® - USPS Tracking® Results

FAQs

Feedback

# Exhibit C

## (to Plaintiff's Complaint)

**From:** Jamie T. Bird
**Sent:** Tuesday, February 26, 2019 1:03 PM
**To:** terrimeyers@lowndes.k12.ga.us
**Cc:** Sarah E Bessenger <sebessenger@valdosta.edu>
**Subject:** Dual Enrollment Honors Academy

Good Afternoon Counselors,

Valdosta State University has released the course offerings for **Fall Semester 2019**. You may view these at: https://www.valdosta.edu/courses. We will begin registering DE students for fall semester on **March 25th**, so we have about a month to advise. I have attached the SPA and testing options for your reference. The SPA has not been updated from the state at this time, so just adjust the dates on your end for now.

With regard to DE institutional program placements:  For students wanting to participate in any dual enrollment program in our state, it is critical for those students **wanting to attend a 4-year institution after they graduate high school**, get their DE credits from the same type of institution. The curriculum course rigor needs to be the same in order for them to be successful once they graduate and move forward into college. Around the state, universities are seeing students attempting to enter their institutions with many DE credits and yet, they cannot meet the needed admission requirements for that particular institution. Part of participating in a DE program is choosing the right institution in which to attend and not one that will just help students "check off courses." This also helps to ensure that students get the needed academic foundation that will allow them to move forward successfully wherever they go after they graduate. Your assistance in guiding your students (and their parents ☺) in this direction will certainly help them avoid this potential issue.  Dual enrollment is a great program and we want to make sure students are being impacted in a positive way that will enhance their future education.

We look forward to working with your students this upcoming fall!  Please let me know if you have any questions.

Jamie

**Jamie T. Bird**
VSU Dual Enrollment Coordinator
Dual Enrollment Honors Academy
Office of Admissions
Valdosta State University
1500 North Patterson Street
Valdosta, Georgia  31602
229.249.2779 office
229.333.5482 fax
www.valdosta.edu



Good Afternoon Counselors,

As we have settled into our spring semester, our efforts now turn to **Fall Semester 2019** for planning purposes. As you know, students may take any course in which we have approved as a dual enrollment course. Those courses are updated frequently and may be located at https://apps.gsfc.org/SecureNextGen/dsp_accel_course_listings.cfm. As you view this catalog specific to Valdosta State University, let me know if you see something missing and should be included. We are always adding to our catalog, but can certainly look into something specific.

While students may take any course needed, we do have some guided cohorts built specifically for dual enrollment students as we have done in the past. These are usually for students in close proximity to our campus. Students may take some of these courses or make a schedule of a few courses that will work with their high school schedule. It all depends on their needs and what will work for their high school.

**Fall Semester 2019:**

History 2112                MWF   8:00-8:50      Jr course-time will allow them to return to the
high school for second block.
English 1101                MWF   9:00-9:50      Senior requirement for British Lit
Math 1111                   MWF   10:00-10:50    Senior requirement used for 4th Math
Communications 1100         T/TR  9:30-10:45     Great course for any DE student. Could pair
with the ENG and Math above. Economics 1500               T/TR   9:30-10:45     Senior
requirement- Could pair with the ENG and Math above.
Political Science 1101      MWF   10:00-10:50
                            T/TR  9:30-10:45     Required in the core curriculum

For those online students, we are working on providing more online full term options for our DE students vs. eCore. If you have any specific needs, please let us know.

Have a great rest of your week!!

**Jamie T. Bird**
VSU Dual Enrollment Coordinator
Dual Enrollment Honors Academy
Office of Admissions
Valdosta State University
1500 North Patterson Street
Valdosta, Georgia  31602
229.249.2779 office
229.333.5482 fax
www.valdosta.edu



## Holly Maestas

| | |
|---|---|
| **From:** | usg-legal <usg-legal@usg.edu> |
| **Sent:** | Friday, January 8, 2021 9:03 AM |
| **To:** | Holly H. Maestas |
| **Subject:** | RE: lawsuit: waiver of service |

Dear Ms. Maestas,

Thank you for your email. Please send the waiver of service form to our office at the address below.

Sincerely,



**Office of Legal Affairs**
270 Washington Street, SW
Atlanta, GA 30334
404-962-3255
usg-legal@usg.edu

**UNIVERSITY SYSTEM
OF GEORGIA**

**From:** Holly H. Maestas <holly@lawsonandbeck.com>
**Sent:** Thursday, January 7, 2021 12:13 PM
**To:** usg-legal <usg-legal@usg.edu>
**Subject:** lawsuit: waiver of service

> **CAUTION:** This email originated from outside of the USG System Office. Use caution replying or supplying information, clicking links or opening attachments. If you suspect the message is fraudulent, contact the Enterprise Service Center at 706-583-2001 or **helpdesk@usg.edu**.

Dear USG Legal,
I have a lawsuit that I am going to be filing against the Board of Regents (d/b/a Valdosta State University) on behalf of Plaintiff Jamie T. Bird.  I would like to send a Waiver of Service.  Will your office accept service?
Best regards,

*Holly H. Maestas*

Holly H. Maestas, Esq
Attorney at Law
**Lawson, Beck & Sandlin, LLC**
1125 COMMERCE DRIVE, SUITE 300
PEACHTREE CITY, GEORGIA 30269
Voice:  (770) 486-8949 ext 216
Fax:  (770) 486-8950
Mobile: (229) 588-1688
Email:  holly@lawsonandbeck.com
www.lawsonandbeck.com
https://www.lawsonandbeck.com/lawyer/Holly-Maestas_cp20820.htm



**LAWSON BECK & SANDLIN**
ATTORNEYS AT LAW

This message originates from the law firm of Lawson, Beck & Sandlin, LLC. This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you should immediately stop reading this message and delete it from your system. Any unauthorized reading, distribution, copying or other use of this message or its attachments is strictly prohibited. All personal messages express solely the sender's views and not those of Lawson, Beck & Sandlin, LLC. This message may not be copied or distributed without this disclaimer. If you received this message in error, please notify sender immediately.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.