IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMIE T. BIRD,                               *
                                             *
    Plaintiff,                           *
                                             *
v.                                           *   Case # 1:21-cv-00721-SCJ-WEJ
                                             *
BOARD OF REGENTS OF THE                      *
UNIVERSITY SYSTEM OF                         *
GEORGIA d/b/a VALDOSTA                       *
STATE UNIVERSITY,                            *
                                             *
    Defendant                            *

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
TO TRANSFER VENUE**

COMES NOW The Board of Regents of the University System of Georgia

d/b/a Valdosta State University, Defendant in the above-styled case, and in support

of its motion for an Order, pursuant to 28 U.S.C. § 1404(a), transferring this case to

the Valdosta Division of the Middle District of Georgia for the convenience of the

parties and witnesses and in the interest of justice, shows the following:

### *Factual Background and Allegations*

The Plaintiff, Jamie T. Bird, is a former employee of Valdosta State University.

1

She brings this suit alleging, in essence, that she was discriminated against and wrongfully terminated from her position at Valdosta State University.

In her Complaint, Plaintiff alleges that she was hired in October, 2011 by Valdosta State University where she held various positions throughout her tenure. (Doc. 1-1, ¶¶ 8,9). According to her Complaint, she eventually became the Director of Dual Enrollment where she was a part of the VSU Enrollment Services Leadership Team. (*Id*. ¶¶ 13, 14) She contends that her supervisory chain included Dr. Rodney Carr, the Vice-President of Student Success. (*Id*. ¶16).

The Plaintiff further contends that on or about February 20, 2019, Dr. Carr entered Plaintiff's office at Valdosta State and closed her door and hugged her. (*Id.* ¶¶17-19). She contends that this constituted unwelcome harassment.

The Plaintiff further contends that on or about February 26, 2019, she sent an email to high school counselors concerning the Dual Enrollment program at Valdosta State University. (*Id*. ¶ 28). The Plaintiff contends that this made Dr. Carr angry and also alleges that it made the Valdosta State University President and his wife angry. (*Id*. ¶¶ 31-32). She contends that on or about March 6, 2019, she was summoned to Dr. Carr's office, who she contends told her that he would be fired because of the email. (*Id*. ¶37).

The Plaintiff further contends that on or about March 13, 2019, the Chief Human Resources Officer at Valdosta State University summoned the Plaintiff to her office where she issued her a written reprimand. (*Id*. ¶ 39).   She further contends that she was eventually demoted on or about November 8, 2019. (*Id*. ¶ 43).   Ms. Carr's complaint alleges another incident in Ms. Bird's office at Valdosta State on or about January 22, 2020 and she further contends that she was transferred and eventually terminated from her position.   ((*Id*. ¶¶ 49-53, 58, 67).

All of the above stated incidents from Plaintiff's Complaint allegedly occurred at Valdosta State University in Valdosta, Georgia.   Therefore, it is clear that this case should be transferred to the Middle District of Georgia, Valdosta Division, where the operative facts which form the basis of Plaintiff's Complaint allegedly occurred.

The majority, if not all, of the evidence and witnesses pertaining to such allegations are located within the Valdosta Division of the Middle District Court of Georgia.   (Exhibit "A").   Moreover, Plaintiff resides and is domiciled in Hamilton County, Florida, near Valdosta.   (Doc. 1-1, ¶2).

*Argument and Citation of Authority*

**I.   This case should be transferred to the Valdosta  Division of the Middle District of Georgia for the convenience of the parties and witnesses and in the interest of justice.**

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action to any other district in which it might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Courts embark on a two-prong inquiry when considering the several factors used to determine whether to transfer venue. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff ... Second, courts are to balance private and public factors to determine if transfer is justified." *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338–39 (S.D. Fla. 2008)(Internal citations omitted.). The Eleventh Circuit has indicated that the analysis under 28 U.S.C. § 1404(a) focuses on nine factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight

4

accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 (11th Cir. 2005) citing *Gibbs & Hill, Inc. v. Harbert Int'l, Inc.*, 745 F.Supp. 993, 996 (S.D.N.Y.1990).

Here, there is no question that this action could have initially been brought in the Valdosta Division of the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because the Middle District is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id*. Thus, the issue presented to this Court is one of balancing the public and private factors to determine if a transfer is justified.

A.    *The Convenience of the Witnesses and Parties*

Much of the dispute regarding transfer of venue lies in considering the convenience of the parties and potential witnesses. "The convenience of the witnesses is of great importance to the decision to transfer venue from one forum to another, and the focus of the Court should be on the convenience of 'key witnesses.' ... [T]he convenience of the non-party witnesses weighs most heavily on the Court in deciding on a motion to transfer venue." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d

1352, 1356 (N.D. Ga. 2004)(Internal citation and punctuation omitted.). In fact, some courts consider convenience of witnesses to be the most important factor when considering a motion to transfer. *Huntley v. Chicago Bd. of Options Exch.*, 132 F. Supp. 3d 1370, 1372 (N.D. Ga. 2015).

This factor weighs heavily in favor of transfer in this case. It would be significantly more convenient for the parties to litigate this case in the Valdosta Division of the Middle District than in the Atlanta Division of the Northern District. Additionally, because the events giving rise to this suit occurred in Valdosta, most, if not all, of the relevant witnesses to the underlying investigation and termination decision will be found in or around Valdosta, Georgia. Upon information and belief, there is not a single "key witness" identified in the Complaint that resides in the Atlanta Division.

In fact, an examination of Plaintiff's Rule 26 disclosures confirms that this case should be transferred to the Middle District of Georgia.  (Exhibit "A").  Plaintiff lists 32 individual witnesses who may have information concerning the allegations in the Complaint.[1] Of these, 32 individual witnesses, 27 are either current or former

---

[1]The Plaintiff's witnesses are not individually numbered, but undersigned counsel counted the witnesses and removed any who were entities and/or attorneys

employees of Valdosta State University, Bainbridge State College, or Wiregrass Technical College, all located within the Middle District of Georgia.[2]

The overwhelming majority of all witnesses reside in or around Valdosta. The nucleus of the facts occurred in Valdosta, at Valdosta State University. It is a local controversy involving the witness testimony of Valdosta residents and Valdosta State University employees. The expenses, time away from work (at a public university), hardships, and inconvenience required of the key witnesses are substantially reduced if the case is transferred to the Middle District of Georgia, Valdosta Division. Essentially all of the depositions will need to be taken at Valdosta State University. The Plaintiff resides in Hamilton County, Florida, according to the Complaint, (Doc. 1-1, ¶ 2) which is much closer to the Valdosta Division of the Middle District than it is to the Atlanta Division of the Northern District. Therefore, the case should be transferred to the Middle District of Georgia, Valdosta Division.

This case is similar to the case of *Barnes v. Zaccari*, CV#: 1:08-CV-077-CAP,

involved in the present case.

[2]Valdosta State University is located in Valdosta, Georgia, Bainbridge State College merged with Abraham Baldwin Agricultural College in 2012 and is located in Bainbridge, Georgia and Wiregrass Technical College is located in Valdosta, Georgia.  *See* www.valdosta.edu; www.abac.edu; www.wiregrass.edu.

(N.D., Ga. 2012), wherein this Court transferred a case to the Middle District of Georgia, Valdosta Division on the basis that the operative facts leading to the lawsuit occurred in and around Valdosta at the University campus. (Exhibit "B"). The factors weighed by the Court in *Barnes* are similar to the factors in the present case, and in fact, the Plaintiff's counsel in the present case was one of the attorneys asking the Court to transfer the case to Valdosta Division in the Middle District in the *Barnes* matter.

> B.    *The Location of Relevant Documents and the Relative Ease of Access to Sources of Proof*

It has been held that "the location of documents is not a significant factor in the transfer analysis given the widespread use of electronic production."*Huntley v. Chicago Bd. of Options Exch*., 132 F. Supp. 3d 1370, 1373–74 (N.D. Ga. 2015) quoting *Internap v. Noction, Inc.*, 114 F.Supp.3d 1336, 1341, No. 14–CV–3872–AT, 2015 WL 4459035 at *3 (N.D.Ga. June 29, 2015). Regardless, the vast majority of documents and other evidence that may be relevant to this case are located in Valdosta, Georgia. Thus, this factor weighs in favor of transfer as well.

C.      *The Locus of Operative Facts*

All of the events that form the basis of the allegations in the Plaintiff's Complaint occurred in the Valdosta Division. (Doc. 1-1, ¶¶ 8-76). As set out above, Plaintiff alleges that she was harassed and discriminated against on the job at Valdosta State University. *Supra*, pp. 2-3. This factor weighs in favor of transfer.

D.      *The Availability of Process to Compel the Attendance of Witnesses*

Both this Court and the Middle District have the power to compel witnesses. See FRCP 45. However, it appears that a Northern District subpoena to compel a non-party witness who resides over 100 miles away in Valdosta could only compel that witness to attend trial, and would require that the witness "not incur substantial expense." FRCP 45(c)(1). Thus, the compulsory process would be simpler and could be used to compel attendance at depositions and hearings, in addition to trials, in the Middle District. This factor also weighs in favor of transfer.

E.      *The Relative Means of the Parties*

Defendant moves for the transfer of this case to the Valdosta Division of the Middle District. The Plaintiff resides in Hamilton County, Florida, closer to the Valdosta Division. It would be better for all parties to transfer this case to the

9

Valdosta Division, regardless of their means.

### F.     A Forum's Familiarity with the Governing Law

This factor has no bearing on the question of transfer. Both the Northern District and the Middle District have the requisite knowledge of Georgia law and Federal law to decide this case.

### G.     Plaintiff's Choice of Forum

In the Eleventh Circuit, there exists a "strong presumption against disturbing plaintiff's initial forum choice." *SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1100 (11th Cir. 2004). A plaintiff's choice of forum is afforded less weight, however, if the majority of the operative events occurred elsewhere. See *A.J. Taft Coal Co. v. Barnhart*, 291 F. Supp. 2d 1290, 1310 (N.D. Ala. 2003); *Bell v. K Mart Corp.*, 848 F. Supp. 996, 1000 (N.D. Ga. 1994); *Wilson v. ChoicePoint, Inc.*, 2006 WL 8432437, at *2 (N.D. Ga. Feb. 28, 2006); *Garay v. BRK Electronics*, 755 F. Supp. 1010, 1011 (M.D.Fla. 1991); See also *Armco Steel Co. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991) (plaintiff's choice of forum not accorded great deference when chosen forum had little, if any, connection to the activities alleged in the complaint and little or no connection with the defendants in

the action).  Here, all of the operative events alleged in the Complaint occurred in the Valdosta Division of the Middle District.

Additionally, "where a plaintiff has chosen a forum that is not [his] home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper."*Motorola Mobility, Inc. v. Microsoft Corp.*, 804 F. Supp. 2d 1271, 1276 (S.D. Fla. 2011); *Also see Wilson v. ChoicePoint, Inc.*, 2006 WL 8432437, at *2 (N.D. Ga. Feb. 28, 2006). In this case, the Plaintiff resides in Hamilton County, Florida, located near Valdosta.

In light of the fact that the Plaintiff resides in Florida, and that all of the operative events alleged in the Complaint occurred within the Valdosta Division, the Plaintiff's choice of forum should receive very minimal, if any, deference.

### H.      Trial Efficiency and the Interests of Justice

Because all or most of the witnesses and relevant evidence is located within the Valdosta Division, it would be more efficient for the trial of this matter to be held in that Division. *See Osgood v. Disc. Auto Parts, LLC*, 981 F. Supp. 2d 1259, 1267 (S.D. Fla. 2013).  The interests of justice weigh in favor of transferring this matter to the Valdosta Division of the Middle District.

*Conclusion*

For the foregoing reasons, Defendant requests that this case be transferred to the Valdosta Division of the Middle District of Georgia for the convenience of the parties and witnesses and in the interest of justice.

This 7th day of April, 2021.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney
General for Defendant

/s/ Amanda L. Szokoly
Amanda L. Szokoly
Georgia Bar Number: 403412
***ATTORNEYS FOR DEFENDANT***
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
tcarter@brbcsw.com
aszokoly@brbcsw.com

## CERTIFICATE PURSUANT TO NORTHERN DISTRICT OF GEORGIA LOCAL RULE 7.1(D)

I hereby certify that the foregoing pleading is typed in 14-point Times New Roman font and that the pleading conforms to the requirements set forth in Northern District of Georgia Local Rule 5.1.

This 7ᵗʰ day of April, 2021.

/s/ G. Todd Carter

G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney
General for Defendant

***ATTORNEY FOR DEFENDANT***

BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue (31520)
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
tcarter@brbcsw.com

13

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 7th day of April, 2021.

/s/ G. Todd Carter

G. Todd Carter

Georgia Bar Number: 113601

Special Assistant Attorney

General for Defendant

BROWN, READDICK, BUMGARTNER,

CARTER, STRICKLAND & WATKINS, LLP

5 Glynn Avenue

Post Office Box 220
Brunswick, GA 31521

(912) 264-8544

(912) 264-9667 FAX