# EXHIBIT
# A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 1:21-cv-00721-SCJ-WEJ |
| BOARD OF REGENTS OF THE, | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

   a. Title VII Gender and retaliation discrimination in employment and violation of the Georgia Whistleblower Act (O.C.G.A. § 45-1-4 et seq.)

   b. Plaintiff (Mrs. Jamie Bird), a female, was terminated from her employment in 2020. Defendant's stated reason for terminating Plaintiff, reduction in force, was pretext. Defendant and Defendant's agent Dr. Rodney Carr retaliated against Plaintiff for blowing the whistle on Defendant's unlawful acts and omissions in its Dual Enrollment program, under Title VII, and under Title IX. Defendant discriminated against Plaintiff because she did not succumb to sexual harassment inflicted by Defendant's agent Dr. Rodney Carr, and because she spoke up against such harassment.

Page 1 of 12

c.  The legal issues include the following:

    i.  whether Defendant discriminated against Plaintiff on the basis of her gender/sexual harassment;

    ii.  whether Defendant retaliated against Plaintiff because she spoke up against violations of Title VII gender discrimination/sexual harassment;

    iii.  whether Defendant violated the Georgia Whistleblower Act;

    iv.  whether Plaintiff is entitled to the following relief: reinstatement, injunctive/equitable relief, damages, punitive damages, loss of consortium, and attorney's fees and costs of litigation.

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

a.  Substantive law sections

    i.  Gender discrimination and retaliation discrimination in employment

    ii.  Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

    iii.  Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.

    iv.  O.C.G.A. § 45-1-4 et seq. (Georgia Whistleblower Act)

    v.  Ga. Reg. § 160-4-2-.34 (Dual Enrollment Regulation)

    vi.  O.C.G.A. § 20-2-161.3 (Dual Enrollment Act)

    vii.  34 C.F.R. Part 106 (Regulations for Title IX).

    viii.  Dual Enrollment Program Regulations

b.  Consequential, special, emotional damages, and loss of consortium.

c.  Punitive damages

      i. O.C.G.A. § 51-12-5.1.

  d. Attorney's fees and costs of litigation

      i. O.C.G.A. § 13-6-11.

      ii. 42 U.S.C. §§ 1988, 12205.

  e. Declaratory, injunctive, and equitable relief.

      i. 28 U.S.C. §§ 2201, 2202.

      ii. Fed. R. Civ. P. 65.

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.

  a. The following individuals have information supporting Plaintiff's claims in this matters:

- **Bainbridge College**, former college where Rodney Carr and Richard Carvajal were employed. Will have knowledge of Carr's and Carvajal's patterns of behavior and past conduct at Bainbridge College.

- **Baker, Dwight,** former employee of Defendant. Former investigator for the University System of Georgia. Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr at Bainbridge College.

- **Beck, J. Samuel**, partner, Lawson, Beck & Sandlin, LLC, Peachtree City, Georgia.

- **Bessenger, Sarah**, former Dual Enrollment Admission Counselor, Valdosta State University. Has knowledge of the facts in Plaintiff's complaint, knowledge of the dual enrollment program at VSU, and conduct of Rodney Carr and Richard Carvajal.

- **Bird, Jamie T.**, Plaintiff, former employee of Defendant.

- **Bird, III, Frank**, husband of the Plaintiff. Will have knowledge of Plaintiff's damages and loss of consortium.

- **Board of Regents of the University System of Georgia,** Defendant in this action, Atlanta, Georgia.

- **Boddie-LaVan, Jeanine**, employee of Defendant. Director of Human Resources at Valdosta State University, reported to Rodney Carr. Will have knowledge of facts in Complaint.

- **Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP**, law firm for Defendant, Brunswick, Georgia.

- **Burrell, Joy**, former employee of Defendant. Former employee of Bainbridge College. Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Carr, Rodney,** employee of Defendant. Vice President of Student Success at Valdosta State University. Will have knowledge of facts in Complaint.

- **Carter, G. Todd,** attorney for Defendant; partner of law firm of Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP, Brunswick, Georgia.

- **Carvajal, Cheryl,** employee of Georgia Wiregrass Technical College. Will have knowledge of the facts in Plaintiff's Complaint.

- **Carvajal, Richard,** employee of Defendant. President of Valdosta State University. Will have knowledge of facts in Complaint.

- **Crawford, John D.**, Vice President of University Advancement, Valdosta State University; CEO of VSU Foundation Inc.. Has knowledge of facts contained in Plaintiff's complaint.

- **Croft, Christy**, Assistant Admissions Director, Valdosta State University. Has knowledge of the facts contained in Plaintiff's Complaint as well as problems with the dual enrollment program at VSU.

- **Dean, Shana**, former employee of Defendant. Former employee of Bainbridge College. Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Friedhoff, Rob**, employee of Defendant. Served as Plaintiff's direct "straw" supervisor at Valdosta State University. Will have knowledge of facts in the Complaint.

- **Gadsen, Jeanette**, former employee of Defendant. Former employee of Bainbridge College. Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Hayes, Steven**, former employee of Defendant. Former employee of Bainbridge College. Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Hogan, Ryan**, employee of Defendant. Director of Admissions at Valdosta State University, reported to Rodney Carr. Will have knowledge of facts in Complaint.

- **Hutchinson, Dana**, Lead Counselor, Lowndes County High School. Will have knowledge of the facts in Plaintiff's Complaint as well as problems with the dual enrollment which were raised with Rodney Carr.

- **Jones, Joyce,** employee of Defendant.  Former investigator for the University System of Georgia.  Will have knowledge of Rodney Carr's past behavior and prior investigation of Carr at Bainbridge College.

- **Jordan, Michelle**, Employee Relations Manager, Valdosta State University.  Has knowledge of the facts contained in Plaintiff's complaint.

- **Kirkland, Michael**, employee of Defendant.  Former employee of Bainbridge College.  Current Vice President of Enrollment Management at Abraham Baldwin Agricultural College.  Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Lawson, Beck & Sandlin, LLC**, law firm for Plaintiff, Peachtree City, Georgia.

- **Lawson, Gary G.**, partner, Lawson, Beck & Sandlin, LLC, Peachtree City, Georgia.

- **Long, Lisa,** employee of Defendant.  Associate director of Admissions at Valdosta State University, reporting to Rodney Carr.  Will have knowledge of facts in Complaint.

- **Lyn, Janice,** Interim Title IX Coordinator of Valdosta State University and Title IX investigator in Plaintiff's Title IX complaint.

- **Maestas, Holly Hance**, attorney for Plaintiff, associate of Lawson, Beck & Sandlin, LLC, Peachtree City, Georgia.

- **McCormick, Jessica**, former employee of Defendant.  Former employee of Bainbridge College.  Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **McNair, April**, former employee of Defendant.  Former employee of Bainbridge College.  Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Mitchell, Render T.**, former employee of Defendant.  Plaintiff's previous direct supervisor, directly reported to Rodney Carr.  Will have knowledge of the facts in the Complaint.

- **Owens, Kay**, former employee of Defendant.  Former employee of Bainbridge College.  Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Peacock, Walter**, former Admissions Director, Valdosta State University.  Will have knowledge of the facts in Plaintiff's complaint as well as Rodney Carr's patterns and past behavior at Bainbridge College.

- **Sandlin, Clif**, partner of Lawson, Beck & Sandlin, LLC, Peachtree City, Georgia.

- **Snipes, Barbara**, former employee of Defendant.  Former employee of Bainbridge College.  Will have knowledge of Rodney Carr's past behavior at Bainbridge College and prior complaints and investigation of Carr.

- **Snyder, Connie**, former employee of Defendant (Bainbridge College). Has knowledge of the patterns of Rodney Carr's behavior in past at Bainbridge College.

- **Strickland, Tonya**, former employee of Bainbridge College.  Has knowledge of the patterns of Rodney Carr's behavior in past at Bainbridge College.

- **Szokoly, Amanda L.,** attorney for Defendant; associate of law firm of Brown, Readdick, Bumgartner, Carter, Strickland & Watkins, LLP, Brunswick, Georgia.

- **Valdosta State University,** Defendant in this action, Valdosta, Georgia.

- **Viverette, Maggie**, employee of Defendant.  Former Director of the Office of Social Equity at Valdosta State University.  Will have knowledge of Plaintiff's internal grievances.

- **Wenham, Sarah**, employee of Defendant.  Director, Student Enrollment Service for the University System of Georgia.  Will have knowledge of Plaintiff's Georgia Whistleblower Act claims regarding dual enrollment and the fact in Plaintiff's

  b. Employees of Defendant should be contacted through Defendant's attorney. Non-employees of Defendant may be contacted through Plaintiff or Plaintiff's attorney.

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.

  a. Plaintiff has not identified any experts at this time.  Plaintiff wishes to re-evaluate the need to disclose an expert witness after Defendant has fully produced the documentary and tangible evidence requested to be produced in Plaintiff's initial requests for production of documents/notice to produce.

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.

  a. Plaintiff is in the process of compiling records.

    b. All documents and tangible evidence relevant to Plaintiff's claims and damages are believed to be in the possession or control of Defendant.

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying.

    a. Nominal damages naturally occurring from Defendant's act and omissions adversely affecting Plaintiff.

    b. Consequential damages naturally occurring from Defendant's act and omissions adversely affecting Plaintiff.

    c. Special damages including loss of reputation and loss of enjoyment of life due to termination from a respected educational institution at a well-known local employer.

    d. Special damages including possible increased travel expenses required for Plaintiff to travel to her future potential employer.

    e. Economic damages from loss of job security of tenure status, employment income, benefits, insurance, and increased travel distance to possible new employer.

        i. Plaintiff's loss of income is based on loss of salary and other benefits.

    f. Emotional damages including, but not limited to, pain and suffering, anxiety, and loss of enjoyment of life.

g.  Plaintiff seeks punitive damages under O.C.G.A. § 51-12-5.1.

h.  Plaintiff seeks attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11 and 42 U.S.C. §§ 1988.

i.  Loss of consortium

j.  Plaintiff seeks equitable and injunctive relief including, but not limited to:

    i.  Reinstatement

    ii.  Back pay

    iii.  Front pay

    iv.  Reversal and retraction of all discipline, adverse statements, and termination

    v.  Correction of Plaintiff's personnel file and replacement with a positive reporting to all future employers and reference-seekers.

    vi.  No further discipline, adverse employments actions, or defamatory statements against Plaintiff.

    vii.  No further retaliation.

k.  The computation of these damages will be based upon the following documents, but are not limited to these documents:

    i.  Defendant's pay stubs and contracts with Plaintiff

    ii.  The value of the benefits offered to Plaintiff when she was employed at Defendant

    iii.  Plaintiff's records of her travel expenses to a possible new employer

    iv.  Defendant's records of conduct and omissions in this matter.

v.  Plaintiff's records of her and her husband's emotional suffering, loss of enjoyment of life, and loss of consortium.

(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

a.  Plaintiff has not identified any such insurance agreement which may be responsive to this disclosure.

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.

a.  Plaintiff has not identified any such persons or entities which may be responsive to this disclosure.

Respectfully submitted this 25th day of March, 2021.

LAWSON, BECK & SANDLIN, LLC

/s/ Holly H. Maestas
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:    (770) 486-8949
Facsimile:    (770) 486-8950
Email: holly@lawsonandbeck.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMIE T. BIRD,                          )
                                        )
    Plaintiff,                      )
                                        )       Civil Action File No.
v.                                      )
                                        )       1:21-cv-00721-SCJ-WEJ
BOARD OF REGENTS OF THE,                )
UNIVERSITY SYSTEM OF                    )
GEORGIA d/b/a VALDOSTA                  )
STATE UNIVERSITY,                       )
                                        )
    Defendant.                      )

### CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of March, 2021, I certify that I served a copy of the foregoing *Plaintiff's Initial Disclosures* upon opposing counsel via email only to:

Mr. G. Todd Carter
Ms. Amanda L. Szokoly
BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Brunswick, Georgia 31520
tcarter@brbcsw.com
aszokoly@brbcsw.com

Respectfully submitted this 25th day of March, 2021.

LAWSON, BECK & SANDLIN, LLC
*/s/ Holly H. Maestas*_____
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:    (770) 486-8949
Facsimile:    (770) 486-8950
Email: holly@lawsonandbeck.com