# EXHIBIT
# B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THOMAS HAYDEN BARNES,

      Plaintiff,

   v.

RONALD M. ZACCARI,
individually and in his
official capacity as President
of Valdosta State University,
et al.,

      Defendants.

CIVIL ACTION
NO. 1:08-CV-0077-CAP

O R D E R

This matter is before the court on Defendant Zaccari's motion to transfer to the U.S. District Court for the Middle District of Georgia, Valdosta Division [Doc. No. 271].

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The plaintiff's forum choice should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). These considerations include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Case 7:21-cv-00062-WLS   Document 9-3   Filed 04/07/21   Page 3 of 4
Case 1:08-cv-00077-CAP   Document 278   Filed 07/18/12   Page 2 of 3

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

In this case, the factors weigh clearly in favor of transfer, and there is no dispute that venue would have been proper in Valdosta at the time of filing. Particularly relevant here are the factors relating to convenience of the witnesses, the locus of operative facts, trial efficiency, and the interests of justice, based on the totality of the circumstances. The operative facts leading to this suit occurred in and around Valdosta and specifically at the Valdosta State University campus. Accordingly, a large majority of fact witnesses (12, according to the defendant) are still located in the Valdosta area. Requiring these individuals to travel over 200 miles to Atlanta to testify certainly constitutes an inconvenience. Moreover, it is this court's belief that this matter can be handled in a more expeditious manner by the able judges of the Middle District of Georgia. See Kolodziej v. Mason, Civil Action No. 1:10-CV-2012-JEC (N.D. Ga. May 20, 2011) (transferring to the Middle District of Florida based, in part, on the court's belief that the matter could be resolved more quickly in that forum).

These factors must be weighed against the plaintiff's choice to bring this suit in the Northern District of Georgia. At the time of filing, venue was proper because the Board of Regents of the

University System of Georgia is deemed to reside in Atlanta. The Board of Regents, along with all other defendants other than Zaccari, has now been dismissed as a defendant. Moreover, the plaintiff no longer resides in the Northern District; he and his wife now live in Baltimore, Maryland [Doc. No. 276 at 5]. "Although the Plaintiffs' choice of forum is typically granted a great deal of deference, it is entitled to less weight when none of the parties resides there. This is the case, even when the Plaintiffs resided in the forum at one point, but then abandoned it in favor of another." Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1355 (N.D. Ga. 2004) (citation omitted). Accordingly, this factor weighs only slightly in favor of denying transfer.

Weighing the factors strongly favoring transfer against the opposing factors, which are entitled to only diminished weight, the court concludes that the totality of the circumstances clearly favors Valdosta as the proper venue for the trial of this action. Accordingly, Defendant Zaccari's motion [Doc. No. 271] is GRANTED, and the clerk is DIRECTED to transfer this action to the U.S. District Court for the Middle District of Georgia, Valdosta Division.

SO ORDERED, this 18th day of July, 2012.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

3