**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 7:21cv62 (WLS) |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL**

COMES NOW the Plaintiff JAMIE T. BIRD and files this *Motion to Compel* and shows the Court as follows:

1.

On September 19, 2021, Plaintiff served Defendant with *Plaintiff's First Notice to Produce & Request for Production of Documents & Things to Defendant*. It contains the following three (3) requests:

1. All records of any students who were denied admission to Valdosta State University from 2017 to 2020, including any coding, coding changes, data compilations or summaries, including the reason for the denial; this should include dual enrollment students, transfer students, and undergraduate admission students. (Plaintiff

understands that there will be FERPA and privacy issues related to these records. Plaintiff will consent to a protective order to guard this privilege and privacy. The substance of the application and the reason for the denials are relevant to this case.)

2. Provide any and all records related to any investigations conducted by the Defendant in to Rodney Carr or Richard Carvajal during their employment at Bainbridge College (now Abraham Baldwin Agricultural College). This includes, but is not limited to, complaints related to sexual harassment, hostile work environment, Title IX complaints, whistleblower complaints, unlawful or criminal activity, etc. This includes, but is not limited to, the records, notes, recordings, findings, emails, or communications of Dwight Baker, Joyce Jones, Joy Burrell, Shana Dean, Jeanette Gadsen, Steven Hayes, Michael Kirkland, Jessica McCormick, April McNair, Kaye Owens, Kaye Livingston, Connie Snyder, and Tonya Strickland. This includes, but is not limited to, any reprimands, disciplines, or adverse employment actions taken.

3. Provide any and all records related to any counseling, rules, discipline, adverse employment action, policies, procedures, or other limits, used by, placed on, or imposed on Rodney Carr, including, but not limited to, guidance for his behavior around, or meetings or interactions with, females.

These requests are attached as "Plaintiff's Exhibit A."

2.

On October 13, 2021, the Defendant responded with *Defendant's Response to Plaintiff's First Notice to Produce & Request for Production of Documents & Things to Defendan*t (providing no documents), and responding with general objections and more specifically as follows:

1. RESPONSE:  Defendant objects to Request No. 1 on the basis that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Specifically, Defendant objects to Plaintiff's requests as overly broad and not germane to Plaintiff's claims alleged in her Complaint.  Defendant further objects as the records sought are protected by the Family Educational Rights and Privacy act, and disclosure of the records are prohibited by the Act.

2. RESPONSE:  Defendant objects to Request No. 2 on the basis that it is not proportional to the needs of the case considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Specifically, Defendant objects to Plaintiff's requests as overly broad

and further objects to producing documents from other member institutions that are not alleged to have been involved in the Reduction in Force upon which Plaintiff's lawsuit is premised as those records are not relevant to the issues in this case. Defendant further objects to Request No. 2 to the extent that it seeks disclosure of information subject to attorney/client privilege and/or attorney work product doctrine.

3. RESPONSE:  Defendant objects to Request No. 3 on the grounds that it is vague. Further answering, defendant is not in possession, custody or control of any responsive documents.

A copy of these responses is attached as "Plaintiff's Exhibit B."

3.

As early as March 25, 2021 (the Rule 26(f) conference in the Northern District of Georgia), Plaintiff informed Defendant that Plaintiff was seeking records from the Board of Regents of the University System of Georgia as well as from Bainbridge College (now called Abraham Baldwin Agricultural College). Each time Counsel for Plaintiff spoke with Counsel for Defendant, mention was made that the "Bainbridge College records" were needed.

4.

On October 19, 2021, Counsel had a detailed phone conference and discussed the subject of this *Motion to Compel*.  In this phone conference Counsel for Defendant suggested, for the first time, that these requested documents, under

the control of the Board of Regents of the University System of Georgia and its institutions, might not be within Defendant's control.

5.

Defendant's position on this issue is in direct contravention of the well-established laws in this state. This well-established law states that individual colleges and universities are under the vested power of the Board of Regents of the University System of Georgia, and these individual colleges and universities cannot be sued or be legally controlled individually. *Board of Regents of the Univ. Syst. Of Ga. v. Doe*, 278 Ga. App. 878, 630 S.E.2d 85 n.1 (2006)(citing *McCafferty v. Med. College. of Ga.*, 249 Ga. 62, 65 (1), 287 S.E.2d 171 (1982).

6.

In light of this recent position taken by the Defendant, Plaintiff has sent a request in writing under the Georgia Open Records Act for the documents requested, and in question, in this *Motion to Compel*. In accordance with the Georgia Open Records Act, Counsel for Defendant has been copied on such requests. O.C.G.A. § 50-18-71(e)("Requests by civil litigants for records that are sought as part of or for use in any ongoing civil . . . litigation against an agency shall be made in writing and copied to counsel of record for that agency contemporaneously with their submission to that agency.")

7.

As to Requests #2 and #3, Counsel for Defendant has agreed to reach out to the Board of Regents, Abraham Baldwin Agricultural College, and Bainbridge College (now Abraham Baldwin Agricultural College), to attempt to secure their records.  However, Counsel for Defendant still maintains, or at least suggests, that he has no control over these entities.

8.

As to Request #1, Defendant has agreed to submit a supplemental response, and Plaintiff has agreed to be subject to a protective order for the FERPA-protected material, if any.

9.

Defendant has agreed to submit supplemental responses on or before November 3, 2021.

10.

Plaintiff files this motion to preserve her rights to the compulsory discovery process and to abide by the Court's "21/21/21 Rule."  *See* Document #18 at 5-6 ("whichever first occurs").

11.

Counsel for the Plaintiff states that she has in good faith conferred with Counsel for Defendant in an effort to secure the information without Court action. Local Rule 37.

**WHEREFORE,** Plaintiff requests that the Court enter an order compelling the Defendant to provide thorough and complete responses to *Plaintiff's First Notice to Produce & Request for Production of Documents & Things to Defendant*, with sufficient time so that Plaintiff may review the documents prior to scheduling depositions.  In the alternative, that the Court order such other relief that the Court deems just and proper, but which preserves the rights Plaintiff intends to protect herein.

Respectfully submitted this 26th day of October, 2021.

LAWSON, BECK & SANDLIN, LLC

*/s/ Holly H. Maestas*
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:  (770) 486-8949
Facsimile:   (770) 486-8950
Email: holly@lawsonandbeck.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 7:21cv62 (WLS) |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2021, I certify that I served a copy of the foregoing *Motion to Compel* on opposing counsel by e-filing the same through the United States District Court for the Middle District of Georgia online e-filing system, which will automatically serve a copy of the same to:

Mr. G. Todd Carter
Ms. Amanda L. Szokoly
BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Brunswick, Georgia 31520
tcarter@brbcsw.com
aszokoly@brbcsw.com

Respectfully submitted this 26th day of October, 2021.

LAWSON, BECK & SANDLIN, LLC
*/s/ Holly H. Maestas*_____
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:  (770) 486-8949
Facsimile:   (770) 486-8950
Email: holly@lawsonandbeck.com