**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 7:21cv62 (WLS) |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL**

COMES NOW the Plaintiff JAMIE T. BIRD and files this *Motion to Compel* and shows the Court as follows:

Throughout the compulsory discovery period in this matter, Plaintiff has sought various records related to students' academic progress from dual enrollment to freshman admission at Valdosta State University. In other words, Plaintiff has sought to obtain all data compilations, studies, documents, records, etc, which are related to the success, failure, or retention, of dual enrollment students (either as dual enrollment students or otherwise). *See also* Plaintiff's *Motion to Compel* (Doc. #22). Plaintiff requested records "which support any of the . . . Defendant's claims or defenses," records which "the Defendant plans, or may plan, to use as an

exhibit, demonstrative aid, or for impeachment in any hearing, deposition, or trial," *Plaintiff's First Notice to Produce & Request for Production of Documents & Things to Defendant* (April 29, 2021, Northern District of Georgia), *Plaintiff's Second Notice to Produce & Request for Production of Documents & Things to Defendant* (January 11, 2022, Middle District of Georgia), records of "any students who were denied admission to Valdosta State University" including "data compilations or summaries, including the reason for the denial," including this data for dual enrollment students, transfer students, and undergraduate admission students," (*Plaintiff's Second Notice to Produce & Request for Production of Documents & Things to Defendant*)(August 16, 2021, Middle District of Georgia).

With respect to Defendant's substantive objections not to produce these records, Defendant has repeatedly asserted FERPA as a basis not to produce any such documents. "Defendant further objects as the records sought are protected by the Family Educational Rights and Privacy act, and disclosure of the records are prohibited by the Act." *Defendant's Response to Plaintiff's First Notice to Produce & Request for Production of Documents & Things to Defendan*t (October 13, 2021). S*ee also Defendant's Response to Plaintiff's Motion to Compel* (November 23, 2021)(Document #24)(citing to FERPA numerous times to fend off the request).

The parties began discovery in the Northern District and completed discovery in the Middle District. The case was transferred to the Middle District of Georgia on or about May 24, 2021. Compulsory discovery closed on March 18, 2022 in the Middle District. *Order* (Doc. #27).

The parties were operating without an official scheduling order as the Court did not enter a *Scheduling Order* until February 16, 2022 (Document #27). At one point, the parties agreed that they would completely start discovery over in the Middle District. However, in relation to the Defendant's procedural objections to produce these records to the Plaintiff, it appears that Plaintiff's prior discovery requests in the Northern District are now also being used against Plaintiff as a reason not to produce any additional documents in the Middle District. Plaintiff served additional discovery requests on Defendant on February 8, 2022, and Defendant served its responses thereto on March 10, 2022 (which Plaintiff received on March 18, 2022)(*Plaintiff's Third Notice to Produce & Request for Production of Documents & Things to Defendant*). Defendant objected to producing any documents in this request citing procedural rules which indicate that requests sent in the Northern District, and Middle District, were used against Plaintiff.

Counsel for the Plaintiff states that she has in good faith conferred with Counsel for Defendant in an effort to secure the information without Court action. Local Rule 37. Specifically, on March 21, 2022, Plaintiff called and emailed counsel for Defendant, and spoke to his paralegal, reaching out for relief which would have avoided this *Motion to Compel*. Plaintiff has not heard back.

In starting to believe that no such records existed, and that it was just too burdensome for Defendant to produce the records due to FERPA searches and redactions, on December 7, 2021, Plaintiff withdrew her *Motion to Compel* as to these records. *Reply to Defendant's Response to Plaintiff's Motion to Compel*. Doc.#25 at 6.

This was not the case. Plaintiff took seven (7) depositions at Valdosta State University from January 19-21, 2022, including the deposition of Robert Freidhoff.[1] In Freidhoff's deposition, he discloses the possible existence of this very data compiled by VSU's institutional research department. Freidhoff discloses that this data did not have personally identifying information of students. In this deposition, Counsel for Defendant agreed that "If we can satisfy FERPA and get that data . . . we'll give you anything we've got." Exhibit 11 (Deposition of Robert Freidhoff at pages 51-58).

---

[1] Defendant took the Plaintiff's deposition at VSU on March 15, 2022. Plaintiff took the deposition of Michael Kirkland at Abraham Baldwin Agricultural College in Bainbridge, Georgia on March 16, 2022.

It is still unclear what records exists, however, Defendant has attempted to state that such a study was done, which may provide a defense to Defendant at trial.

WHEREFORE, Plaintiff seeks an Order from the Court requiring Defendant to produce any and all such records of any data compilations, studies, documents, records, etc, which are related to the success, failure, or retention, of dual enrollment students (either as dual enrollment students or otherwise), which may be utilized, or referenced in any way, by Defendant at any hearing or trial.  In the alternative, Plaintiff seeks an Order in Limine prohibiting referencing such data on the basis that such data would be hearsay and is not available for the Plaintiff to cross-examine the statements and conclusions contained therein.

Respectfully submitted this 28th day of March, 2022.

LAWSON, BECK & SANDLIN, LLC

*/s/ Holly H. Maestas*
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:  (770) 486-8949
Facsimile:  (770) 486-8950
Email: holly@lawsonandbeck.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 7:21cv62 (WLS) |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2022, I certify that I served a copy of the foregoing *Motion to Compel* on opposing counsel by e-filing the same through the United States District Court for the Middle District of Georgia online e-filing system, which will automatically serve a copy of the same to:

Mr. G. Todd Carter
Ms. Amanda L. Szokoly
BROWN, READDICK, BUMGARTNER, CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Brunswick, Georgia 31520
tcarter@brbcsw.com
aszokoly@brbcsw.com

Respectfully submitted this 28th day of March, 2022.

LAWSON, BECK & SANDLIN, LLC
*/s/ Holly H. Maestas*_____
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:   (770) 486-8949
Facsimile:    (770) 486-8950
Email: holly@lawsonandbeck.com