IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMIE T. BIRD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Case #        7:21-cv-00062-WLS |
| | * |
| BOARD OF REGENTS OF THE | * |
| UNIVERSITY SYSTEM OF | * |
| GEORGIA d/b/a VALDOSTA | * |
| STATE UNIVERSITY, | * |
| | * |
| Defendant | * |

## DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant in the above-styled action and pursuant to Middle District of Georgia Local Rule 56.1 files this Statement of Undisputed Material Facts in support of its Motion for Summary Judgment, as follows:

1.      Plaintiff Jamie Bird is a former employee of Valdosta State University and served most recently as the Dual Enrollment Manager or Director from 2015 until her separation from employment due to a reduction in force in November, 2020.  (Dep. of Jamie Bird, pg. 31).

2.      Dr. Richard Carvajal is the current President of Valdosta State University, having assumed that position in January, 2017.  (Dep. of Jamie Bird, pg. 53; Dep. of Richard Carvajal, pg. 17).

3.      Dr. Rodney Carr is the current Vice President of Student Services at Valdosta State University, having assumed that position in June, 2017.  (Dep. of Jamie Bird, pg. 53; Dep. of Rodney Carr, pp. 16-17).

4.      Jamie Bird worked in the Office of Admissions and her direct supervisor was Tee Martin, who reported to Dr. Carr.  From June, 2017 when he arrived at Valdosta State University from February, 2019, Dr. Carr had not done anything that Plaintiff considered inappropriate.  (Dep. of Jamie Bird, pg. 61).

5.      Early in the morning of February 20, 2019, a student at Valdosta State University that was enrolled at the Dual Enrollment Program committed suicide.  (Dep. of Jamie Bird, pg. 54).

6.      The suicide was very upsetting to everyone on campus and Dr. Carvajal described the funeral as something he would not forget.  (Dep. of Jamie Bird, pg. 55; Dep. of Dr. Richard Carvajal, pp. 109-110).

7.      At approximately 8:40 a.m., Dr. Carr went to see Plaintiff, Jamie Bird.  (Dep. of Jamie Bird, pg. 58).

8.      According to Plaintiff, she stood up to go meet Dr. Carr when he came into the office and Dr. Carr told the Plaintiff that she looked upset and that he was going to do something that he didn't typically do and gave her a hug.  (Dep. of Jamie Bird, pg. 59).

9.      Plaintiff alleges that she pushed Dr. Carr away and stepped beside him and said that she needed to open her door.  (Dep. of Jamie Bird, pg.59).

10.     After opening the door, Plaintiff turned around and came back behind her desk and sat down and told Dr. Carr that she had work to do.  (Dep. of Jamie Bird, pg. 60).

11.     Dr. Carr stayed maybe three or four seconds and told Plaintiff that the suicide was not her fault and walked out of the door.  (Dep. of Jamie Bird, pg. 60).

12.     From the date of the hug until Plaintiff left employment of VSU, Dr. Carr never did anything else that the Plaintiff perceived to be inappropriate or hostile.  (Dep. of Jamie Bird, pg. 63).

13.     The hug that occurred on February 20, 2019 is the only action that the Plaintiff perceived as sexual harassment on behalf of Dr. Carr.  (Dep. of Jamie Bird, pg. 67).

14.     On February 26, 2019, Jamie Bird sent an email to high school guidance counselors concerning the Dual Enrollment Program in which she stated, in part, "for students who participate in any dual enrollment program in our state, it is critical for those students wanting to attend a four year institution after they graduate high school, get their DE credits from the same type of institution. The curriculum course rigor needs to be the same in order for them to be successful once they graduate and move forward into college." (Dep. of Jamie Bird, Exhibit 41; Dep. of Jamie Bird, pg. 74).

15.     The email sent by Ms. Bird resulted in a phone call to Dr. Richard Carvajal from Tina Anderson, the Wiregrass Technical College President who believed that the email was criticizing the rigor of courses provided at technical colleges.  (Dep. of Jamie Bird, pg. 74; Dep. of Richard Carvajal, pg. 163).

16.     Plaintiff Jamie Bird understood that the email she sent could upset some people (Dep. of Jamie Bird, pp. 74, 78).

17.     On March 5, 2019, Plaintiff Jamie Bird was given a written reprimand concerning the email.   (Dep. of Jamie Bird, pp. 90-91).

18.     In the meeting with the HR Director, Ms. Jeannie Boddie-Lavan, where she received the reprimand, Plaintiff Jamie Bird did not mention anything about the hug from Dr. Carr.  (Dep. of Jamie Bird, pg. 93).

19.     Jamie Bird understands that the Board of Regents and Valdosta State University have policies against harassment, discrimination, and retaliation.  (Dep. of Jamie Bird, pg. 96).

20.     The written reprimand given to Jamie Bird because of the email did not result in a reduction in salary or benefits.  (Dep. of Jamie Bird, pp. 96-97).

21.     Following the COVID pandemic, which began in early 2019, the Board of Regents directed all member institutions to review their budgets. (Dep. of Dr. Richard Carvajal, pp. 54-68).

22.     As a result of the budget cuts, Valdosta State was required to cut state allocation and tuition budgets for the 2021 fiscal year.

23.     As a result of the budget cuts, approximate seven (7) employees were subject to a reduction in force.  (Dep. of Jamie Bird, pg. 101).

24.     Jamie Bird was one of the employees that was subject to the reduction in force and received a letter on July 17, 2020 informing her that her position would be terminated later in the year.   (Dep. of Jamie Bird, pg. 97).

25.     After Ms. Bird informed HR that she would be only a few months short of retirement when the RIF became effective, she was allowed to remain with Valdosta State until she was eligible for retirement.  (Dep. of Jamie Bird, pp. 99-101).

26.     It was not until after being informed of the reduction in force that Jamie Bird made a complaint to the Board of Regents and Valdosta State University alleging harassment and retaliation.  (Dep. of Jamie Bird, pg. 168).

## CONCLUSIONS OF LAW

1.     Plaintiff cannot establish a violation of Title VII against Defendant because the conduct at issue was not sufficiently severe or pervasive to alter the terms and conditions of her employment.  *Mendoza v. Borden*, 195 F.3d 1238 (11th Cir. 1999).

2.      Plaintiff cannot establish that she opposed an unlawful employment practice prior to any alleged retaliatory actions of Defendants.    *Wynn v. Paragon Sys., Inc.*, 301 F. Supp. 2d 1343(S.D. Ga. 2004).

3,      Plaintiff cannot establish a violation of the Georgia Whistleblower Act contained in O.C.G.A. §45-1-4 because she cannot establish that an adverse employment action was taken against her for disclosing a violation or non-compliance with a law, rule or regulation.   O.C.G.A. §45-1-4; *Forrester v. Georgia Dep't of Human Servs.*, 308 Ga. App. 716 (2011).

This 2nd day of May, 2022.

<div style="margin-left: 40%;">

/s/ G. Todd Carter

G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
tcarter@brbcsw.com
**ATTORNEY FOR DEFENDANT**
BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

</div>

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMIE T. BIRD, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case #        7:21-cv-00062-WLS |
| | * | |
| BOARD OF REGENTS OF THE | * | |
| UNIVERSITY SYSTEM OF | * | |
| GEORGIA d/b/a VALDOSTA | * | |
| STATE UNIVERSITY, | * | |
| | * | |
| Defendant | * | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the

directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of

electronic filing.

Submitted this 2nd day of May, 2022.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
Attorney for Defendant
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
tcarter@brbcsw.com