IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| JAMIE T. BIRD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No. |
| v. | ) | |
| | ) | 7:21cv62 (WLS) |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF | ) | |
| GEORGIA d/b/a VALDOSTA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO *DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT***

COMES NOW the Plaintiff JAMIE T. BIRD, pursuant to Local Rule 56, and files this Response *Defendant's Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment*, and shows either that there exists a genuine issue to be tried, or that the fact as stated by Defendant is contradicted in by evidence disclosed in discovery.

1.

Plaintiff disputes that she was separated from her employment due to a reduction in force (hereafter "RIF"), but does not dispute the remainder of this statement. Nothing in Page 31 of the Plaintiff's Deposition shows that Plaintiff agrees that she was separated because of a RIF. Rather, the evidence shows that Plaintiff was terminated in violation of the Title VII, Title IX, and the Georgia Whistleblower Act (hereafter "GWA"). *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried*.

2.

Undisputed.

3.

Plaintiff disputes that Dr. Rodney Carr is the Vice President (hereafter "VP") of Student Services.  Defendant's citations to the depositions shows that Dr. Carr is the VP of Student Success, and has been in that position at VSU since June 2017.

4.

Plaintiff disputes that her direct supervisor was Tee Martin, disputes that Tee Mitchell was not her only supervisor, but does not dispute the remainder of this statement.  The evidence shows that Plaintiff's direct supervisors, during the relevant period of time, were Render T. "Tee" Mitchell and Rob Freidhoff.  (Dep. Of Jamie Bird, pgs. 29, 117).

5.

Undisputed.

6.

Undisputed.

7.

Undisputed. (Dr. Carr went to see the Plaintiff in her office at approximately 8:40 AM on February 20, 2019).

8.

Undisputed.  Plaintiff shows that this citation to her deposition also shows that Dr. Carr immediately walked toward Plaintiff, who was seated behind her desk, and began the hug her before Plaintiff could barely stand up.  ("And he was behind my desk before I could hardly even

get up and moved one, two steps, and that's where the hug occurred." Dep. of Jamie Bird, pg. 59, lines 15-17)

9.

Undisputed.  Plaintiff shows that this citation to her deposition also shows that Dr. Carr became angry after she pushed Dr. Carr away.  ("He then becomes very angry.  His face is red. He says, Why did you do that, or Why did you need to do that?"  Dep. of Jamie Bird, pg. 59, lines 24-25 - pg. 60, line 1.)

10.

Undisputed.

11.

Undisputed.

12.

Disputed.  This citation to Plaintiff's deposition does not support this statement.  The evidence shows that Carr repeatedly and consistently continued to retaliate against the Plaintiff and referred specifically to this hug incident at later dates.  *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried*.

13.

Disputed.  This citation to Plaintiff's deposition does not support this statement.  The evidence shows that Dr. Carr repeatedly and consistently continued to retaliate against the Plaintiff and referred specifically to this hug incident at later dates.  *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried*.

14.

Undisputed.

15.

Undisputed.

16.

Undisputed.

17.

Disputed.  This citation given by the Defendant shows that she was given this written reprimand on March 7, 2019.  The actual written reprimand is dated March 5, 2019.  (Plaintiff's Exhibit 43.)

18.

Disputed.  This citation given by Defendant shows that Plaintiff did attempt to mention that something happened that she was scared to discuss, and that Boddie-LaVan did not attempt to offer her protection from retaliation, despite there being a VSU policy in place to do so.  (Dep. of Jamie Bird, pg. 93).

19.

Disputed.  Defendant's citation to the record shows that Plaintiff is aware that laws against harassment, discrimination, and retaliation; however the record does not establish that Plaintiff was aware of, nor was she explained, the polices against such things at VSU.  (Dep. of Jamie Bird,  pg. 94-96.)

20.

Disputed.  While Defendant's citation to the Plaintiff's deposition shows that Plaintiff did not immediately suffer reduction in salary and benefits due to the written reprimand, the citation shows that the reprimand was referred to during the RIF which was used to terminate the

Plaintiff.  *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried.*

21.

Undisputed.

22.

Undisputed.

23.

Undisputed.

24.

Undisputed.  Plaintiff further shows that but for Defendant's violations of her rights under federal and state law, Plaintiff would not have been included in the RIF.  Plaintiff further shows that the RIF was pretext and an attempt to camouflage these violations.  *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried.*

25.

Undisputed.  Plaintiff further shows that Plaintiff was forced to leave her job, and that requesting and receiving retirement status was very small mitigation of her damages.

26.

Disputed.  Defendant's citation to Plaintiff's deposition points only to the date of Plaintiff's formal Title IX complaint.  While Plaintiff lodged some of her complaints in writing, after she was informed of the RIF, Plaintiff voiced her objections about multiple instances of the violations of federal and state law starting in February 2019 and continuing on through the various adverse employment actions taken against her.  *See generally Plaintiff's Statement of Material Facts to Which There Exists a Genuine Issue to be Tried.*

Respectfully submitted this 12th day of May, 2022.

LAWSON, BECK & SANDLIN, LLC

*/s/ Holly H. Maestas*
Holly Hance Maestas
Attorney for Plaintiff
Georgia State Bar No. 153092

1125 Commerce Drive, Suite 300
Peachtree City, Georgia 30269
Telephone:     (770) 486-8949
Facsimile:     (770) 486-8950
Email: holly@lawsonandbeck.com