## Holly Maestas

| | |
|---|---|
| **From:** | Jeanine Y Boddie-La Van |
| **Sent:** | Tuesday, October 20, 2020 10:03 AM |
| **To:** | Janice Lyn |
| **Subject:** | RE: Bird/Carr Report |
| **Attachments:** | Bird Investigation Letter.docx |

What about the following summary letter. See attached. You could then send the full report afterward. We can also add the actual finding from you to review with them.

**From:** Janice Lyn <jlyn@valdosta.edu>
**Sent:** Tuesday, October 20, 2020 9:59 AM
**To:** Jeanine Y Boddie-La Van <jyboddielavan@valdosta.edu>
**Subject:** Re: Bird/Carr Report

Here is my thought tell me what you think. Given the length of the document. I sign on with each party through teams. Then email them the document to go through with me present. Then if there is discussion to follow, I am present. What do you think? I still want to practice sharing a window with you though, just wondering if reading will be more difficult for carr and bird?

**From:** Jeanine Y Boddie-La Van <jyboddielavan@valdosta.edu>
**Sent:** Tuesday, October 20, 2020 8:52 AM
**To:** Janice Lyn <jlyn@valdosta.edu>
**Subject:** Bird/Carr Report

Here you go!

Jeanine Y Boddie-LaVan
Director/Chief HR Officer
Department of Human Resources & Employee Development
Valdosta State University | 1500 N. Patterson St. | Valdosta, GA 31698
www.valdosta.edu | (229) 333-5709 office | (229) 259-5030 fax
Tell us how we are doing Rate US

1


PLAINTIFF'S EXHIBIT
39

October 16, 2020

Valdosta State University recognizes its legal and moral obligation to provide an environment in which an opportunity for education and employment is available to all qualified individuals without discrimination on the basis of race, color, religion, age, sex, sexual orientation, gender identity, national or ethnic origin, disability, or veteran status.

On August 17, 2020 Ms. Jamie Bird emailed Dr. Maggie Viverette, Director of the Office of Social Equity to submit a request of review of wrongful termination and subsequent retaliation. Also, in a letter dated August 3, 2020 to the Office of Legal Affairs, Board of Regents for the University of System Georgia, Ms. Bird states that she was the target of adverse treatment for 17 months, and the victim of sexual assault by Dr. Rodney Carr, VP for Student Success. Ms. Bird listed eight concerns as examples of this treatment.

I, Dr. Janice Lyn, Interim Title IX Coordinator, was contacted to conduct an investigation into the allegations and led the investigation. I was charged with making an assessment based upon the "totality of the circumstances" as to whether the alleged events did in fact occur and if so, whether actions did constitute harassment based on sex.

In the course of the investigation I, 1) reviewed the USG Board of Regent policies, Human Resources Administrative Practice Manual (HRAP), VSU policies related to the allegations, 2) interviewed Dr. Rodney Carr, 3) interviewed Ms. Jamie Bird about the alleged events leading up to her allegations, 4) interviewed witnesses provided by both parties, and 4) reviewed relevant documentation related to the allegations.

While Ms. Bird uses the term "sexual assault" to describe the incident, the new guidelines from the Department of Education were issued March 6, 2020.Given the new guidelines and definitions issued by the Department of Education, federal and state law including, Title IX of the Education Amendments of 1972 ("Title IX"), Title VII of the Civil Rights Act of 1964 (Title VII), and the University System of Georgia (USG), Sexual Assault has been retitled as Nonconsensual Sexual Contact or Nonconsensual Sexual Penetration. For the purposes of this investigation, I will be investigating this complaint under both Sexual Harassment and Nonconsensual Sexual Contact.

**Findings**
Of the eight allegations shared, none were found to be substantiated as a result of discrimination, harassment or retaliation.

**Conclusion**
Based on the information received from all parties, this situation does not meet the standard of Nonconsensual Sexual Contact. This investigator found there was no touching of Ms. Bird or Dr. Carr's intimate parts (e.g., genitalia, groin, breasts, or buttocks). This investigator found there was no touching of Ms. Bird or Dr. Carr's own intimate parts; or forcing one another to touch his or her own intimate parts. This investigator found no fondling between Ms. Bird and Dr. Carr.

1

In regard to the complaint of sexual harassment, this investigator has examined and considered all information gathered during the investigation. After a thorough review of the information as outlined above, this investigator has determined that based upon a preponderance of evidence there is not sufficient information to conclude 1) the February 2019 exchange whereby Dr. Carr hugged Ms. Bird had a romantic or sexual intent; 2) the reprimand and subsequent decisions made by Dr. Rodney Carr were a result of the 2019 interaction or retaliatory; and 3) that the actions taken by Dr. Rodney Carr constituted harassment based upon gender (nonconsensual sexual contact or sexual harassment).

**Recommendations:**
- Future interactions should be limited to work related discussions through the Interim AVP, unless otherwise agreed to in advance by both parties
- Communication should be sent to employees that remind them that perceived concerns of this type should be immediately brought forward to the appropriate office (Social Equity, Human Resources, Legal Affairs, etc.) to be investigated formally
- HR will continue to check in with both parties on a monthly basis until further notice
- Re-training needs to occur campus wide on the administrator's process for handling employee complaints and concerns or when allegations are made
- Both parties are encouraged to contact HR in the event that further support is needed to move forward

As a reminder, anyone who in good faith, reports what he or she believes to be misconduct associated with this complaint, or who participates or cooperates in or is otherwise associated with any investigation, shall not be subjected to retaliation. Anyone who believes he or she has been the target of retaliation for reporting, participating or cooperating in, or otherwise being associated with an investigation should immediately contact Michelle Jordan, Employee Relations Manager. Any person found to have engaged in retaliation in violation of this Policy shall be subject to disciplinary action.

Both parties have the right to review and respond to the full report of the investigative findings. If you would like to do so, you must contact me, within three (3) days of this notification to provide the response.

Thank you

Dr. Janice Lyn
Interim Title IX Coordinator

2