IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | | |
|---|---|---|---|
| JAMIE T. BIRD, | * | | |
| | * | | |
| Plaintiff, | * | | |
| | * | | |
| v. | * | Case # | 7:21-cv-00062-WLS |
| | * | | |
| BOARD OF REGENTS OF THE | * | | |
| UNIVERSITY SYSTEM OF | * | | |
| GEORGIA d/b/a VALDOSTA | * | | |
| STATE UNIVERSITY, | * | | |
| | * | | |
| Defendant | * | | |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant in the above-styled action, by and through its undersigned counsel, and files this its Reply Brief in Support of its Motion for Summary Judgment, as follows:

**Introduction**

Plaintiff has responded to Defendant's Motion for Summary Judgment with a hodgepodge of factual arguments and evidence that are  irrelevant to the issues in this case, including evidence of matters that occurred well before Dr. Carr was employed at Valdosta State, and evidence of matters that occurred after Plaintiff was subject to the RIF.  What Plaintiff has failed to do is meet head on the arguments set out in Defendant's original  brief, which will be briefly highlighted in this reply.

1

## Argument and Citation of Authority

### *Federal Claims*

**I.      *Plaintiff's Title VII claims fail.***

Harassment is severe or pervasive for Title VII purposes only if it is both subjectively and objectively severe and pervasive. *Mendoza v. Borden*, 195 F.3d 1238, 1246 (11th Cir. 1999). "Harassment is subjectively severe and pervasive if the complaining employee perceives the harassment as severe and pervasive, and harassment is objectively severe and pervasive if a reasonable person in the plaintiff's position would adjudge the harassment severe and pervasive." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 509 (11th Cir. 2000). In determining whether harassment is objectively severe and pervasive, courts consider "the frequency of the conduct," "the severity of the conduct," "whether the conduct is physically threatening or humiliating, or a mere offensive utterance," and "whether the conduct unreasonably interferes with the employee's job performance." *Mendoza*, 195 F.3d at 1246.

The Plaintiff admits that Dr. Carr never touched her either before or after the incident wherein he consoled her following the death of the student.  (Dep. of Jamie Bird, pg. 63).  The Plaintiff further admits when Dr. Carr entered her office, he told her she looked upset and told her he was going to do something he didn't typically do before he hugged her for a very brief time period. (Dep. of Jamie Bird, pp. 59-60).   This is simply not sufficient to constitute severe or pervasive conduct.    Therefore, the Plaintiff's Title VII sexual harassment claim must fail.

The evidence concerning Dr. Carr's employment at Bainbridge College is irrelevant to the Plaintiff's claims herein.  Plaintiff is merely attempting a smear campaign against Dr. Carr while avoiding confronting the fact that the incident about which she herself complains is simply

2

insufficient to show hostile environment harassment. The Plaintiff's other allegations of Dr. Carr being "condescending" to her in a January 22,2022 meeting are well short of being sufficient to support a hostile environment claim. "Although Title VII's prohibition of sex discrimination clearly includes sexual harassment, Title VII is not a federal 'civility code.'" *Mendoza v. Borden, Inc*., 195 F.3d 1238, 1244 (11th Cir.1999) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)).

The Plaintiff's Title VII discrimination claim also fails. The discrimination claim requires the plaintiff to prove that: (1) the plaintiff belongs to a protected class; (2) she was subjected to adverse job action; (3) the employer treated similarly situated male employees more favorably; and (4) she was qualified to do the job. *Jones v. Bessemer Carraway Medical Center*, 137 F.3d 1306, 1310 (11th Cir. 1998); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

In the present case, Plaintiff cannot present any evidence sufficient to satisfy elements two or three of a *prima facie* case, and therefore any gender discrimination claim separate and distinct from the hostile environment claim is also subject to summary judgment.

Plaintiff focuses on two separate events as the basis for her Title VII claims. First, Plaintiff contends that she was given a written reprimand for sending out an email to high school counselors. The e-mail stated, in part, "for students who participate in any dual enrollment program in our state, it is critical for those students wanting to attend a four year institution after they graduate high school, get their DE credits from the same type of institution. The curriculum course rigor needs to be the same in order for them to be successful once they graduate and move forward into college." (Dep. of Jamie Bird, Exhibit 41; Dep. of Jamie Bird, pg. 74). The email resulted in a phone call to Dr. Richard Carvajal from Tina Anderson, the Wiregrass Technical College President who believed that

3

the email was criticizing the rigor of courses provided at technical colleges.  (Dep. of Jamie Bird, pg. 74; Dep. of Richard Carvajal, pg. 163).  Plaintiff Jamie Bird understood that the email she sent could upset some people (Dep. of Jamie Bird, pp. 74, 78).  On March 5, 2019, Plaintiff Jamie Bird was given a written reprimand concerning the email.   (Dep. of Jamie Bird, pp. 90-91).

Plaintiff also contends that she was subjected  to a system wide reduction in force, which eliminated her position at the end of 2020.  However, Plaintiff has not offered any evidence that either the reprimand or RIF was based on her sex.  She has not identified any individual who was treated more favorably with regard to either.  In addition, a reduction in force because of budgetary constraints is a legitimate non-discriminatory reason for an employment decision. *Tidwell v. Carter Products*, 135 F.. #d 1422 (11ᵗʰ Cir. 1998).  Since the defendant has articulated a legitimate non-discriminatory reason for its action, the court need not look further into the wisdom of the defendant's decision*. Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466 (11ᵗʰ Cir. 1991)

Morever, Plaintiff cannot show that either the written reprimand or RIF was retaliatory in nature. The written reprimand was issued in March of 2020 and was related to an e-mail sent by the Plaintiff.   The e-mail did not involve any allegations of Title VII violations and therefore the reprimand that resulted from the e-mail cannot form the basis for a retaliation claim. To establish a *prima facie* case of retaliation under Title VII, an employee must prove the following elements: (1) she participated in an activity protected by Title VII; (2) she suffered an adverse employment action; and (3) there is a causal connection between the participation in the protected activity and the adverse employment decision. *Weeks v. Harden Manufacturing Corp.*, 291 F.3d 1307 (11ᵗʰ Cir. 2002).

Plaintiff received notice of the reduction in force on July 17, 2020.  Both the repriman and the notice of the reduction in force  occurred well before before Plaintiff made a complaint with the

4

University.  It was not until after being informed of the reduction in force that Jamie Bird made a complaint to the Board of Regents and Valdosta State University alleging harassment and retaliation. (Dep. of Jamie Bird, pg. 168). Therefore, Defendant could not have retaliated against the Plaintiff by choosing her for the reduction in force since she was notified by letter dated July 17, 2020 that her position would be eliminated.  Therefore, Plaintiff cannot establish a retaliation claim under Title VII.

Finally, the Plaintiff cannot establish that the final decision makers who made the decision on the reduction in force were aware of any of her allegations against Dr. Carr, or the email which she sent to the high school counselors.      "To establish a causal connection, a plaintiff must show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse action were not wholly unrelated." *Gupta v. Florida Board of Regents, et al.,* 212 F.3d 571, 590 (11th Cir. 2000).  (internal citation omitted).  "Discrimination is about actual knowledge , and real intent, not constructive knowledge and assumed intent.  When evaluating a charge of employment discrimination, then, we must focus on the actual knowledge and actions of the decision-maker." *Walker v. Prudential Prop. & Cas. Ins. Co.,* 286 F.3d 1270, 1274 (11th Cir. 2002)(internal citations omitted.)  Since Plaintiff cannot show that the decision makers on the Reduction in Force were aware of her allegations, her claim must fail.

*State Law Claims*

**A.**     **Plaintiff cannot establish a violation of the Georgia Whistleblower Act because she cannot establish that she disclosed a violation of or non-compliance with a law, rule, or regulation as required by the Georgia Whistleblower Act.**

Plaintiff contends that she was retaliated against for sending the email to the high school guidance counselors urging them to make sure that dual enrollment students were enrolled in four year colleges.  However, the Plaintiff has not shown that she was "disclosing a violation of or non-compliance with a law, rule, or regulation to either a supervisor or government agent," as is required pursuant to O.C.G.A. §45-1-4(a)(5).

In support of her argument that she is protected by the Georgia Whistleblower Act, Plaintiff contends that she disclosed a violation of Georgia law, specifically O.C.G.A. 20-2-161.3(d) which states in part "No later than the first day of February each year, **each eligible high school shall provide general information** about the program, including such forms, to all its eligible high school students. **An eligible high school shall also provide counseling services** to such students and their parents or guardians before the students enroll in the program. Prior to participating in the program, the student and the student's parent or guardian shall sign the form provided by the eligible high school or by an eligible postsecondary institution stating that they have received the counseling specified in this subsection and that they understand the responsibilities that shall be assumed in participating in the program."  (Emphasis supplied)

As plainly shown by the highlighted text, this law only requires the providing of general information and counseling by high schools.  The e-mail that Plaintiff sent on February 26, 2019 went to high school guidance counselors and, stated, in part, "for students who participate in any dual

6

enrollment program in our state, it is critical for those students wanting to attend a four year institution after they graduate high school, get their DE credits from the same type of institution.  The curriculum course rigor needs to be the same in order for them to be successful once they graduate and move forward into college." In addition to the fact that this  assertion is disputed by the witnesses in this case (Doc.34-7 pg.51-57; Depo of Richard Carvajal at 144-155).  (Dep. of Jamie Bird, Exhibit 41; Dep. of Jamie Bird, pg. 74), it is not "disclosing a violation of or non-compliance with a law, rule, or regulation to either a supervisor or government agent," as is required pursuant to O.C.G.A.  §45-1-4(a)(5).

Plaintiff cannot identify any law, rule or regulation which requires that DE students be required to attend four year colleges nor has she shown that she disclosed any violation to a supervisor or government agency.  Her whistleblower claim is subject to summary judgment.

## Conclusion

For the foregoing reasons, and for the reasons set forth in Defendants' original Motion for Summary Judgment and supporting documents,  Defendant respectfully requests that the Court grant Summary Judgment on all claims.

This 26th day of May, 2022.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
tcarter@brbcsw.com
**ATTORNEY FOR DEFENDANT**
BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | | |
|---|---|---|---|
| JAMIE T. BIRD, | * | | |
| | * | | |
| Plaintiff, | * | | |
| | * | | |
| v. | * | Case # | 7:21-cv-00062-WLS |
| | * | | |
| BOARD OF REGENTS OF THE | * | | |
| UNIVERSITY SYSTEM OF | * | | |
| GEORGIA d/b/a VALDOSTA | * | | |
| STATE UNIVERSITY, | * | | |
| | * | | |
| Defendant | * | | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

Submitted this 2$^{6th}$ day of May, 2022.

/s/ G. Todd Carter
G. Todd Carter
Georgia Bar Number: 113601
Special Assistant Attorney General
Attorney for Defendant
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
tcarter@brbcsw.com

9