IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMIE T. BIRD, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-00062 (WLS) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a VALDOSTA STATE UNIVERSITY, | : |
| Defendant. | : |

**ORDER**

Before the Court is Plaintiff's first "Motion to Compel" (Doc. 22); Plaintiff's "Second Motion to Compel" (Doc. 28); and Defendant's Motion for Summary Judgment (Doc. 33). In both of her Motions to Compel, Plaintiff seeks production of documents from the Defendant, Board of Regents of the University System of Georgia d/b/a Valdosta State University ("VSU"). (Doc. 22; 28). On the other hand, Defendant asks the Court to grant summary judgment on all claims. (Doc. 33-1).

**PROCEDURAL HISTORY**

Plaintiff Bird originally filed her lawsuit against Defendants Valdosta State University ("VSU") and the Board of Regents of the University System of Georgia in the Superior Court of Fulton County in Atlanta, Georgia, on January 20, 2021. (Doc. 1-1). Therein, Plaintiff alleges Title VII Gender Discrimination, Title VII Retaliation Discrimination, and Georgia Whistleblower Act claims under O.C.G.A. § 45-1-4 (Title VII & Title IX). (*Id.*) Plaintiff alleges that she was fired from her job at VSU as the Dual Enrollment Director because Defendant

1

VSU and its employee, Dr. Rodney Carr, retaliated against her for "blowing the whistle" on VSU's "unlawful acts and omissions" regarding its Dual Enrollment Program. (Doc. 1-1, at 1.)

Defendant removed the case to the Northern District of Georgia Atlanta division on February 19, 2021, based on federal question jurisdiction under 28 U.S.C. §§ 1331, 1441(c). (Doc. 1-2; 1-3). About two months later, Defendant moved to transfer the case to Valdosta Division of the Middle District of Georgia (Doc. 9), which was granted. (Doc. 14.)

### Plaintiff's First Motion to Compel

In September 2021, Plaintiff served Defendant with "Plaintiff's First Notice to Produce & Request for Production of Documents: to Defendant (Doc. 22-1), wherein she made three requests: (1) "[a]ll records of any students who were denied admission to Valdosta State University from 2017 to 2020," including summaries, reason for denying admission to students; (2) "any and all records related to any investigations" regarding Dr. Rodney Carr, the supervisor whom Plaintiff is alleging sexual harassment against, and the VSU President Dr. Richard Carvajal, who was Carr's supervisor when they were both at Bainbridge College (now, known as Abraham Baldwin Agricultural College after their consolidation); and (3) "any and all records related to any counseling, rules, discipline, adverse employment action, policies. . . or other limits" imposed on Carr. (*Id.*) Defendant served its "Response" (Doc. 22-2) and objected to Plaintiff's requests.

Plaintiff then filed her first Motion to Compel to this Court on October 26, 2021 (Doc. 22), requesting the Court to compel Defendant to produce documents and responses to the three requests that she previously made in her Notice to Produce and Request for Productions of Documents to Defendant.

2

Defendant filed its Response (Doc. 24) on November 23, 2021, wherein Defendant stated that Plaintiff has already received documents responsive to the second and third requests. (Doc. 24, at 2.) But as to Plaintiff's request on student enrollment information, Defendant stated that the "estimated number of student records responsive" to Plaintiff's first request was 5,652, which would take "many days" for Defendant to collect the information that Plaintiff requested; Defendant further stated it could not release student records under FERPA, (*Id.* at 2–3) and Plaintiff has "not shown a genuine need for the records that outweigh the student's privacy interest." (*Id.*)

Plaintiff then filed her Reply (Doc. 25) on December 7, 2021. Therein, Plaintiff notes that Defendant made "little effort" to provide her with the records that she requested on Carr, so Plaintiff had to serve Open Records Requests on Defendant. (Doc. 25, at 2.) Through Open Records Requests, Plaintiff received some documents that showed Carr was previously investigated for his "vulgar and sexually charge[d] language," and Carvajal, his supervisor, had issued a written reprimand to Carr for his "aggressive and unprofessional" behavior when they both worked at Bainbridge College. (*Id.*) But Plaintiff contends that Defendant has not sent Plaintiff a formal report or a "Report of Findings" on Carr's investigation. (Docs. 25-7; 25-8; 25-9; 25-10.) Instead, Defendant told Plaintiff that it was unable to locate Carr's Report of Findings in their electronic or paper files, and such files may not be in Bainbridge/Abraham Baldwin Agriculture College's custody. (Docs. 25-1, at 2; 25-7, at 2; 25-10, at 2.) In any event, Plaintiff formally withdrew her Motion to Compel as to her first request on VSU student admission records and information. (Doc. 25, at 6.) Therefore, Plaintiff's Motion to Compel as to her request on student records is **DENIED as moot.**

3

**Plaintiff's Second Motion to Compel**

Discovery ended on March 18, 2022. (Docs. 26; 27). Ten days after the completion of discovery, Plaintiff filed her "Second Motion to Compel" to reinstate her request for student records and to have Defendant produce "any and all such records of any data compilations, studies, documents, records" that are related to dual enrollment students again. (Doc. 28, at 5). Plaintiff explains that she initially withdrew her Motion to Compel for her first request because she believed that "no such records existed," and it "seemed just too burdensome for Defendant to produce the records due to FERPA." (Doc. 28, at 4.) But she came to believe that there was a "possible existence" of student records data "complied by VSU's institutional research department" that did not contain "personally identifying information on students," which could satisfy FERBA, during a deposition that was held at Valdosta State University in January 19–22, 2022. (Doc. 28, at 4.) Plaintiff further requests that if the Court denies her Motion to Compel for the student records, then the Court grant an Order in Limine to ban any reference to such information because it "would be hearsay," which is "not available to Plaintiff to cross-examine the statements." (*Id.*, at 5.)

Defendant then filed its Response (Doc. 29) and argued that the January 2022 deposition does not exactly say what Plaintiff contends. (Doc. 29, at 4–6.) Instead, Defendant states that there is no actual compilation of data; rather, there was just a verbal conversation about how students, who transferred to VSU from Georgia Military College or Wiregrass College, performed at a similar level to VSU students in terms of their grade point averages. (*Id.* 6.) Defendant further asserts that it nevertheless emailed the documents that were discussed with Plaintiff's Counsel at the deposition and that Plaintiff received them. (*Id.* at 7.) Defendant further notes that Plaintiff has already withdrawn her Motion to Compel as to the

4

student records, and Plaintiff is also "mistaken" in asking the Court for an Order in Limine because information regarding student information is not hearsay under the Federal Rules of Evidence Rule 803(6). (*Id.*) Plaintiff has not submitted a Reply to Defendant's response.

Defendant filed its Motion for Summary Judgment on May 2, 2022, (Docs. 33; 31) and Plaintiff filed her Response to the summary judgment motion on May 12, 2022 (Doc. 34). Defendant then filed its Reply on May 26, 2022. (Doc. 37).

## **DISCUSSION**
### **I.     Plaintiff's Requests in her Motions to Compel**

Before filing a motion to compel, the movant must have conferred or attempted to confer with the opposing party in good faith to obtain discovery without court's intervention. Fed. R. Civ. P. 37(a)(1); M.D. Ga. L.R. 37. Plaintiff has noted in both of her motions to compel that she has conferred with Defendant's Counsel, in good faith, to secure the information or documents without the Court's intervention. (Docs. 22, at 7; 28, at 4.) Defendant has not disputed Plaintiff's good faith conference. Thus, the Court is satisfied that Plaintiff made a good faith attempt to confer prior to filing her motions.

Under Rule 37(a), motions to compel discovery are committed to the sound discretion of the trial court. *Commercial Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984). The information requested must be reasonably calculated to lead to the discovery of admissible evidence. *See* FED. R. CIV. P. 26(b)(1). For good cause, a court may order discovery of any matter relevant to the subject matter involved in the action. *Id.* This rule is broadly construed with doubts resolved in favor of open discovery. *See Oppenheimer Fund, Inc., v. Sanders*, 437 U.S. 340, 351 (1978).

This Court now turns to Plaintiff's requests, which are discussed in the following order: (1) Plaintiff's first request concerning the production of student information, which was initially mentioned in her first Motion to Compel (Doc. 22), then withdrawn in her Reply to Defendant's Response, and later requested again in her Second Motion to Compel; (2) Plaintiff's request for an Order in Limine if the Court does not grant her first request in her Second Motion to Compel; and (3) Plaintiff's second and third requests in her first Motion to Compel. (Doc. 22.)

### A. Plaintiff's First Request—the Production of Student Admission Information or Records.

Pursuant to this Court's Order on discovery deadlines (Doc. 27), "[u]nless extended by the Court upon a showing of good cause by either party upon timely written motion, all motions made under Rule 37 must be filed **within twenty-one days of the date on which the response(s) was due, or twenty-one days of receipt of an allegedly inadequate response or other alleged violation of Rule 37, and no later than twenty-one days after the close of discover**y, *whichever first occurs*." (Doc. 27 at 2 ¶ 6) (emphasis added). This is known as the Court's 21/21/21 Rule, and it is strictly enforced.

In Plaintiff's Reply (Doc. 25) to Defendant's Response (Doc. 24) to Plaintiff's First Motion to Compel (Doc. 22), Plaintiff timely and formally withdrew her first request regarding records of dual student admission or enrollment. (Doc. 25, at 6.) Thus, the withdrawal of the first request was effective. Then, on March 28, 2022, Plaintiff filed her Second Motion to Compel to request the Court once more to compel Defendant in producing records regarding student enrollment information, asserting that her deposition at Valdosta State University January 19–21, 2022, led her to believe there is a compilation of such data. (Doc. 28.) Although

6

the Second Motion to Compel was submitted just ten (10) days after Discovery closed, the Second Motion was still filed past twenty-one (21) days of when Plaintiff had the deposition in January. In other words, under the Court's 21/21/21 Rule, Plaintiff should have filed her Second Motion to Compel within twenty-one days since learning of this discovery, i.e., the apparent existence of a compilation of student enrollment records or data. Instead, her Second Motion to Compel was filed over 60 days since the deposition. Thus, Plaintiff's Second Motion to Compel (Doc. 28) is **DENIED** as untimely.

> B. **Plaintiff's Request for Order in Limine, as an Alternative, to Prohibit References to Student and Enrollment Data, if Plaintiff's Motion to Compel as to the Request for Student Records is Denied.**

In her Second Motion to Compel, Plaintiff requests for an Order in Limine prohibiting references to data related to success, failure, or retention of dual enrollment students at any hearing or trial because Plaintiff states such data is hearsay, and it is not available for Plaintiff to cross-examine about them. (Doc. 28, at 5.) In its Response, Defendant asserts that such data constitutes a hearsay exception under Federal Rules of Evidence Rule 803(6), also known as the business records exception. FED. R. EVID. 803(6). Rule 803(6) makes admissible "records or reports of acts, events, conditions. . .made at or near the time by, . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make such record." *Id.*

The Court finds that general information about student enrollment is admissible under Federal Rule of Evidence 803(6). Plaintiff's request for an Order in Limine to prohibit *all* references to such data is too broad; moreover, Defendant asserts it will not be referencing student information or records that it could not previously release to Plaintiff because of

7

FERPA. Additionally, student information that Defendant may reference under Rule 803(6) should have already been shared with Plaintiff during discovery.

And when confronted with a broad motion in limine such as this one, the Court finds that it is better practice to deal with questions of admissibility of evidence as they arise during the trial or hearing. *See id.*; *Sperberg v. The Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). After all, courts are better situated during the actual trial to assess the value and utility of evidence. *Whidden v. Roberts*, 334 F.R.D. 321, 323–24 (N.D. Fl. 2020). Therefore, Plaintiff's request in alternative for Order in Limine is **DENIED without prejudice.** By this Order, the Court is not finding that none of such documents, if presented, would be admissible. Particularly, admissibility might be affected if a document is tendered that Defendants previously represented as unobtainable or not in its custody but would nevertheless have been producible under the Rules and Defendants failed to produce them.

C. **Plaintiff's Second and Third Requests from Plaintiff's First Motion to Compel (Doc. 22)—Report of Findings for the Sexual Harassment Investigation of Rodney Carr.**

Plaintiff's Complaint alleges that she has been subject to a hostile work environment and that she has been retaliated against in violation of Title VII (Doc. 1-1. 13–14), as well as violations of Georgia's Whistleblower Statute. Specifically, under her allegation pursuant to Title VII Retaliation Discrimination, Plaintiff alleges that Carr retaliated against her for opposing his "intimate behavior" and for filing a "formal Title IX complaint" against him. (Doc. 1-1, at 27, ¶¶ 91–94.) In her Reply (Doc. 25), Plaintiff notes that Defendant sent her emails and interviews of other workers regarding Carr's behavior, but she was not able to receive the formal reports or "Report of Findings" for the sexual harassment investigation of Carr. (Doc. 25, at 4–5.) Defendant told Plaintiff that the Report of Findings are not in their

8

possession and they have no current knowledge of the whereabouts of those files. (Docs. 25, at 4; 25-1, at 2; 25-7, at 1; 25-10, at 2.)

The Court finds that Plaintiff has made a threshold showing of relevance for the requested document or "Reports of Findings" about Carr in regard to her Title VII Gender Discrimination and Retaliation Discrimination claims. Defendant has not provided any persuasive reason to prevent Plaintiff from receiving all formal reports on Carr's investigation. Defendant claims that such reports of findings are not in Baldwin College's custody and are not in their paper or electronic files.

It is hard to believe that Carr's Reports of Finding, in both electronic or paper files, is undiscoverable or not in Defendant's possession. A search for records of the places that were named by Defendants is not complete or reasonable search. Accordingly, Plaintiff's second and third requests regarding formal reports and documents on Carr's discipline, adverse employment action, or procedures that were imposed on Carr during his employment with Defendant are **GRANTED**. Thus, Defendant is **ORDERED** to make a full and complete search to locate the Reports of Findings on Carr as well as all relevant documents regarding Carr's investigation during his employment with Defendant, which includes Bainbridge College/Abraham Baldwin Agricultural College and the University System of Georgia.

Accordingly, the Court will consider and allow an opportunity to be heard on a motion for fees or expenses. FED. R. CIV. P. 37(a)(5).[1] Plaintiff may present her request for reasonable expenses incurred, including attorney fees, as allowed under Federal Rules of Civil Procedure

---

[1] A party "may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). If the motion is granted in part, the Court "may, after giving an opportunity to be heard, apportion the reasonable expenses for that motion." FED. R. CIV. P. 37(a)(5)(C).

9

Rule 37(a), as to her Motion to Compel for Carr's investigation, by filing a motion, along with supporting documents, not later than **fourteen (14) days** after the entry of this Order. Thereafter, Defendants may then file its response or a brief in opposition to Plaintiff's request within **fourteen (14) days** of service of Plaintiff's filing.

II. **Defendant's Summary Judgment**

**Federal Rule of Civil Procedure 56**

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Chow v. Chak Yam Chau*, 555 F. App'x 842, 846 (11th Cir. 2014) (citing *Maddox v. Stephens*, 727 F.3d 1109, 1118 (11th Cir. 2013)). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 673 (11th Cir. 2009). The movant can meet that

burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted). Instead, the non-movant must point to record evidence that would be admissible at trial. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1294 (11th Cir. 2012) (quoting *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999)) (noting that hearsay may be considered on a motion for summary judgment only if it "could be reduced to admissible evidence at trial or reduced to admissible form."). Such evidence may include affidavits or declarations that are based on personal knowledge of the affiant or declarant. *See* Fed. R. Civ. P. 56(c)(4).

On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See Matsushita*, 475 U.S. at 587–88; *Allen*, 121 F.3d at 646. But the Court must grant summary judgment if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### The Middle District of Georgia's Local Rule 56

Local Rule 56 requires the following:

The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, to which the respondent contends there exists a genuine issue to be tried. Response shall be made to each of the movant's numbered material facts. All

11

material facts contained in the moving party's statement which are not specifically controverted by the respondent in respondent's statement shall be deemed to have been admitted, unless otherwise inappropriate.

M.D. Ga. L.R. 56. Here, Defendant properly filed a summary judgment motion with a Statement of Undisputed Material Facts, as required by the Federal Rules of Civil Procedure and the Local Rules of this Court. (Doc. 33-2.) Plaintiff then filed a Response as well as a Response to Defendant's Statement of Undisputed Material Facts and a Statement of Material Facts to Which There Exists a Genuine Issue to be Tried. (Docs. 34-1; 34-2.) Defendant submitted its Reply. (Doc. 37.) Thus, both Parties have complied with the local rule's requirement on statements of fact.

Here, in Defendant's Motion for Summary Judgment, Defendant requests that the Court grant summary judgment on all claims. (Doc. 33-1, at 15). As noted in the previous Section, the Court has granted Plaintiff's Motion to Compel regarding her second and third requests, which concern Carr's investigation reports. Accordingly, Defendant must locate the formal reports or "Reports of Findings" on Carr, and Plaintiff must have some time to review those documents for her Title VII claims. In other words, there is implication or possibility that discovery may be adjusted in some fashion, and any production could affect a proper motion or response. On that basis, the Court also has no way of knowing for certain whether any further produced documents or evidence from extended discovery may also impact a motion or response as to Plaintiff's claims under the Georgia Whistleblower Act.

Therefore, the Court **DENIES** the Motion for Summary Judgment **without prejudice**, with Defendants retaining the right to re-file its Motion for Summary Judgment once the extended, limited discovery is completed.

12

## CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment is **DENIED without prejudice.** As to Plaintiff's Motions to Compel, Plaintiff's request regarding information on student admission records and information in her First and Second Motions to Compel (Docs. 22; 28) is **DENIED**. Plaintiff's request for Order in Limine as an alternative to her first request for Motion to Compel is also **DENIED.**

But Plaintiff's second and third requests on her first Motion to Compel regarding Carr's "Report of Findings," Carr's discipline, adverse employment action, or procedures that were imposed on Carr during his employment with Defendant are **GRANTED**. Thus, pursuant to Federal Rules of Civil Procedure 37(a), the Court will consider and allow an opportunity to be heard on a motion for fees or expenses. Plaintiff may present her request for reasonable fees with supporting documents or memorandum, not later than **fourteen (14) days** after the entry of this Order. Defendants may then file its response or a brief in opposition to Plaintiff's request within **fourteen (14) days** of service of Plaintiff's filing.

**SO ORDERED**, this 26th day of September 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**