IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JAMIE T. BIRD, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-00062 (WLS) |
| BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a VALDOSTA STATE UNIVERSITY, | : |
| Defendants. | : |

## ORDER

Presently before the Court is Plaintiff's Motion for Attorney Fees (Doc. 40) and Defendants' Response (Doc. 41).

Plaintiff Bird filed a lawsuit against Defendant Board of Regents of the University System of Georgia d/b/a Valdosta State University, alleging Title VII Gender Discrimination, Title VII Retaliation Discrimination, and Georgia Whistleblower Act claims under O.C.G.A. § 45-1-4 (Title VII & Title IX). (Doc. 1-1) Plaintiff alleges that she was fired from her job at VSU as the Dual Enrollment Director because Defendant VSU and its employee, Dr. Rodney Carr, retaliated against her for "blowing the whistle" on VSU's "unlawful acts and omissions" regarding its Dual Enrollment Program. (*Id.* at 1.)

In October of 2021, Plaintiff Bird filed her first Motion to Compel (Doc. 22) against Defendants. Therein, she made three requests: (1) production of student records and information; (2) production of records related to all investigations conducted by Defendant on Dr. Carr or Dr. Carr's supervisor, Richard Carvajal, during their employment at Abraham Baldwin Agricultural College (f/k/a Bainbridge College); and (3) production of all records related to any discipline or adverse employment action imposed on Dr. Carr. (Doc. 22). Subsequently, Plaintiff formally withdrew her first request regarding student information.

1

(Doc. 25, at 6). But later, Plaintiff filed a second Motion to Compel, requesting the production of student information again. (Doc. 28).

On September 26, 2022, the Court issued an Order (Doc. 38) addressing various pending motions. In that Order, the Court denied Plaintiff's Second Motion to Compel, requesting the production of student information, as untimely because Plaintiff filed it outside the Court's 21/21/21 Rule. (Doc. 38, at 6–7).

But the Court granted Plaintiff's her second and third requests in her first Motion to Compel, which were requests for productions of records related to Carr's investigation, and records related to any discipline imposed on Carr. (Doc. 38).

Because Plaintiff's Motion to Compel was granted in part, the Court allowed an opportunity for Plaintiff to be heard on a motion for fees or expenses pursuant to Federal Rules of Civil Procedure Rule 37(a). (Doc. 38, at 9, 13; Doc. 39). Accordingly, Plaintiff filed the instant Motion for Attorney Fees. (Doc. 40). Defendants then filed their Response. (Doc. 41).

## DISCUSSION

Plaintiff's Counsel seeks a total of $3,390 in attorney fees. (Doc. 40, at 4). Specifically, she requests an hourly rate of $300 per hour for 11.3 hours that she spent on obtaining materials on "the Bainbridge College investigation." (Doc. 40, at 3).

Generally, courts use the lodestar method to calculate and determine the reasonable amount of fees. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar method requires courts to multiply the number of hours that were reasonably expended on litigation by a reasonable hourly rate. *Id.* If the time expended or fees claimed seem excessive or if there is a lack of support for the fees claimed, "the court may make the award on its own experience." *Id.* at 1303. Applicant has the burden of proving that both the hours expended and the hourly rates claimed are reasonable. *Id.* at 1299.

I. **Reasonable Hourly Rate**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299. Generally, the "relevant market," for purposes of determining the

reasonable hourly rate for an attorney's services, is "the place where the case is filed." *ACLU of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999).

Here, Plaintiff's Counsel states her hourly rate is $300 per hour. (Doc. 40, at 3). She explains this hourly rate was determined after considering the rates charged by other counsel with same experience as Plaintiff's Counsel in the same geographic area. (*Id.*) Additionally, Plaintiff's Counsel has practiced law for seventeen (17) years and was admitted to the Georgia Bar in 2005. (Doc. 40, at 3–4). She is also admitted to the United States Supreme Court and "various other lower level courts." (*Id.* at 4).

Defendants do not contest the hourly rate of $300. (Doc. 41, at 3). Defendants find the rate to be a "reasonable rate for the Valdosta Division of the Middle District of Georgia." (Doc. 41, at 3).

Here, based on Plaintiff's Counsel's experience, the Court also finds $300 to be a reasonable Valdosta-market rate for Attorney Maestas. *See Kubota Tractor Corp. v. Nashville Tractor, Inc.*, No. 7:18-CV-189, 2021 WL 5413667, at *6 (M.D. Ga. Jan. 22, 2021) (citing *Reams v. Michael Angelo Rest. Inc.*, No. 7:19-CV-53, 2019 WL 6898656, at *4 (M.D. Ga. Dec. 18, 2019) (finding an hourly rate of $300 per hour reasonable for a Valdosta attorney with ten years of litigation experience)).

II. **Reasonable Number of Hours Expended**

The next step in the lodestar calculation is determining the reasonable number of hours expended on the litigation. A fee applicant must set out the general subject matter of the time expended "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  If the district court finds any number of hours claimed to be "excessive, redundant, or otherwise unnecessary," the court has two choices: it may either conduct an hour-by-hour analysis or reduce the requested hours with an across-the-board cut. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). Indeed, the court is itself an expert on the question of reasonable and proper fees and may consider its own knowledge and experience to form an independent judgment as to value. *Norman*, 836 F.2d at 1303.

Moreover, even if the final lodestar is reasonable, a further or additional downward adjustment to that lodestar is merited if the prevailing party was only partially successful in its

3

efforts. *Id.*; *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993); *Bivins*, 548 F.3d at 1350–51; *Hensley*, 461 U.S. at 436–37 ("There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment.")

Here, Plaintiff's Counsel first states that she spent a total of 26.6 hours from March 21, 2021, to March 18, 2022, for tasks "related to the Bainbridge College investigation and other items." (Doc. 40, at 3). But she reduced those hours to time spent only "on obtaining the items related to the Bainbridge College investigation." (*Id.*) Thus, Plaintiff's Counsel seeks payment for a total of 11.3 hours. (*Id.*)

But Defendants dispute some of the time entries; more specifically, they dispute the "first six entries" from Plaintiff's Counsel's time entry, which amount to a total of one (1) hour. (Doc. 41, at 3). Defendants argue that those six entries are "not reasonably related to Plaintiff's Motion to Compel, since they were incurred prior to Defendant's response thereto." (Doc. 41, at 3).

The Court concurs with Defendants and finds that the first six entries entered from March 25, 2021, to August 31, 2021, are not reasonably related to Plaintiff's Motion to Compel.

Plaintiff first served Defendants with a "First Notice to Produce and Request for Productions" to Defendants on September 19, 2021, requesting production documents as to student admission information and records of Dr. Carr's investigations and disciplinary actions imposed on Dr. Carr. (Doc. 22, at 1–2). Defendants then responded to that request on October 13, 2021, objecting to all three requests. (*Id.* at 3). Thereafter, Plaintiff filed her first Motion to Compel on October 26, 2021, requesting the Court to enter an order compelling Defendants to provide responses to Plaintiff's notice or request for productions. (*Id.* at 7).

Here, the first six entries involve a Rule 26(f) conference call with the opposing counsel and emailing the opposing counsel about discovery and scheduling order. (Doc. 40-1, at 1). Plaintiff would have had to do the first six activities, which occurred from March to August of 2021, regardless of Defendants' objections to Plaintiff's request, which occurred in October

of 2021. *See* FED. R. CIV. P. R. 26(f). Therefore, the Court will reduce a total of one (1) hour from the time entry.

In addition, the Court finds further deduction of the expended hours are necessary. Specifically, the last four entries on the time sheet, which amounts to a total of 1.3 hours, should be removed. (Doc. 40-1, at 2). Those four entries are:

| Date | Client | Activity | Motion to Compel Related Time |
|---|---|---|---|
| 12/28/2021 | Bird, Jamie | Download subpoena forms for appearance at depo and production of docs | 0.2 |
| 12/31/2021 | Bird, Jamie | Draft 8 notices of depositions and 2 subpoena duces tecum forms | 0.4 |
| 3/16/2022 | Bird, Jamie | Deposition of Jamie Bird, Michael Kirkland | 0.5 |
| 3/18/2022 | Bird, Jamie | Received emailed document from Carter purporting to be all the records on the Bainbridge College investigation; review/save to client file/fwd to client | 0.2 |

The Court finds that these last four entries—a total of 1.3 hours—should be excluded because the four activities took place after December 7, 2021, when Plaintiff filed her Reply (Doc. 25) to Defendant's Response (Doc. 24) to Plaintiff's first Motion to Compel (Doc. 22). Therefore, these activities are not related to Plaintiff's Motion to Compel (Doc. 22). Rather, these activities simply involve Plaintiff's Counsel drafting notices of depositions, taking depositions, and emailing the opposing counsel, which are tasks that Plaintiff's Counsel had to do regardless of her Motion to Compel. (Doc. 40-1, at 2).

As such, a total of 2.3 hours has been deducted from the expended hours. Thus, the total hours expended now amounts to nine (9) hours. Thus, nine (9) hours multiplied by the hourly rate of $300 add up to $2,700.

But a further downward adjustment to the lodestar is merited because Plaintiff was only partially successful in her efforts as Plaintiff's request for production of student records was ultimately denied. (Doc. 38); see *e.g.*, *Norman*, 836 F.2d at 1302–03. Here, based on the time entries, it is impossible or difficult for the Court to discern which of those hours were spent on drafting the motions to compel as to student information. (Doc. 40-1). Therefore,

5

instead of deducting a specific number of hours, the Court will apply an across-the-board reduction and provide its explanation or reasoning for selecting the specific percentage. *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994). When making further reductions to the lodestar to account for limited success, the "most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (citing *Henlsey*, 461 U.S. at 436).

Here, Plaintiff ultimately requested the Court to enter an Order compelling Defendants to provide three (3) requests. (Doc. 22; Doc. 28). The Court granted two of the three requests, which were Plaintiff's requests as to reports and records on Dr. Carr's investigation and disciplinary actions imposed on him. (Doc. 38). But the Court denied Plaintiff's request as to student admission information because it was made outside the Court's 21/21/21 Rule. (*Id.*)

Plaintiff's Complaint (Doc. 1) alleged Title VII Gender Discrimination, Title VII Retaliation Discrimination, and Georgia Whistleblower Act. (Doc. 1-1). The two requests on Dr. Carr's investigation and disciplinary measures, which were granted, are significant to Plaintiff's allegations.

Nevertheless, because Plaintiff's request as to student admission was denied, the Court will exercise its discretion and apply a 30% reduction to the lodestar. The Court finds 30% to be a reasonable rate to account for the time that Plaintiff spent on that request while still awarding a reasonable amount to Plaintiff for the outcome of her motion to compel.

Additionally, Defendants note in their Response (Doc. 41) that they already provided Plaintiff with the report of findings on Dr. Carr, which was the focus of Plaintiff's Motion to Compel, back on March 18, 2022. (Doc. 41, at 2). In other words, Defendants provided the report of findings to Plaintiff about four months after Plaintiff filed a Motion to Compel on October 26, 2021. (Doc. 22). But "[u]nfortunately," Defendants note that "neither Plaintiff's Counsel nor [Defendants'] Counsel notified the Court that the document had been produced." (Doc. 41, at 2). Thus, in taking this into consideration, the Court believes that a 30% reduction to the lodestar will reasonably account for this aspect as well.  Accordingly, after applying the 30% reduction to $2,700, the new amount is $1,890.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Attorney Fees (Doc. 40) is **GRANTED IN PART**. Defendants are ordered to pay Plaintiff $1,890 in attorney's fees and expenses within **fifteen (15) business days** after entry of this Order.

**SO ORDERED**, this   4th   day of January 2023.

                                                      /s/ W. Louis Sands
                                                      **W. LOUIS SANDS, SR. JUDGE**
                                                      **UNITED STATES DISTRICT COURT**